528 A.2d 151

COMMONWEALTH of Pennsylvania, Appellant,

v.

Cheryl M. PARRISH, Appellee.

Supreme Court of Pennsylvania.

Argued Sept. 19, 1986.

Decided July 16, 1987.

Jeffrey E. Leber, Dist. Atty., Martha J. Duvall, Asst. Dist. Atty., Coudersport, for appellant.

Jack E. Reagle, Public Defender, Coudersport, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, MCDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

Motion to Quash Appeal granted for lack of jurisdiction. *See* 42 Pa.C.S. § 9781(f).

LARSEN, J., files a dissenting opinion.

McDERMOTT dissents.

LARSEN, Justice, dissenting.

The majority quashes this appeal for lack of jurisdiction. I dissent. Although the provisions of 42 Pa.C.S.A. § 9781(f) appear to preclude review in this Court of the discretionary aspects of sentencing,[1] I believe the extraordinary posture of this case necessitates our limited review of the appropriate standards to be applied by intermediate appellate courts when they review the discretionary aspects of sentencing.

On August 23, 1983, at approximately 10:00 p.m., Cheryl M. Parrish, appellee herein, got behind the wheel of her automobile after imbibing a considerable quantity of alcohol,[2] and, on her way between two drinking establishments in Potter County, struck and killed a fifteen year old boy when her vehicle left the roadway. The victim, William Nickerson, who had been walking with his cousin along Route 6, was lifted off his feet and carried on the hood of appellee's vehicle approximately 110 feet before he fell to the ground. Then, appellee left the scene of the accident and drove to her home. The windshield of appellee's vehicle had been shattered on the right side upon impact with the victim, and a witness observed appellee kicking in the headlight on the right side of her vehicle when she returned home.

Appellee attempted to convince authorities that she was the victim of a hit and run accident in front of her residence, but her vehicle, a light blue compact model, matched

---

**1.** Section 9781(f) provides:

> **(f) Limitation on additional appellate review.**—No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals.

Act 1978, Nov. 26, P.L. 1316, No. 319, § 3, effective Jan. 1, 1979.

**2.** An hour and a half following the incident giving rise to the criminal charges filed against appellee, her blood alcohol level measured .12. It is a criminal offense to drive in this Commonwealth when the amount of alcohol by weight in the blood is .10% or greater. 75 Pa.C.S.A. § 3731(a)(4) as amended 1982, Dec. 15, P.L. 1268, No. 289 § 9.

the description of the vehicle involved in the homicide along Route 6. Additionally, police officers observed blood stains, fiber samples and hair on the hood, windshield and headlamp of appellee's vehicle. Appellee changed her story about the incident several times, finally admitting that she knew she had hit something that night, but she steadfastly maintained that she did not know she had hit and killed a person until she overheard a conversation at police barracks following her arrest.

Appellee was charged with seven violations of the Motor Vehicle Code: homicide by vehicle (75 Pa.C.S.A. § 3732); homicide by vehicle while driving under the influence (75 Pa.C.S.A. § 3735); driving under the influence (75 Pa.C.S.A. § 3731); reckless driving (75 Pa.C.S.A. § 3714); leaving the scene of an accident involving death or personal injury (75 Pa.C.S.A. § 3742); driving on roadways laned for traffic (75 Pa.C.S.A. § 3309); and duty to give information and render aid (75 Pa.C.S.A. § 3744). Through her trial counsel, appellee negotiated a plea bargain and entered a plea of guilty to the charges of homicide by vehicle, driving under the influence of alcohol and leaving the scene of an accident involving death or personal injury.

Appellee was sentenced in the Court of Common Pleas of Potter County on February 27, 1984, to 1½ to 3 years incarceration on the charge of homicide by vehicle, a consecutive term of 1 to 2 years on the charge of driving under the influence, a concurrent term of 6 months to 1 year on the charge of leaving the scene of an accident, and the payment of fines totalling $1,000.00 plus the costs of prosecution. The prison terms were to be served in the State Correctional Institution at Muncy. The trial judge denied appellee's motion for reconsideration of sentence after hearing on March 19, 1984, and appellee timely appealed to Superior Court on the issue of excessiveness of the sentence imposed.

Superior Court, in a per curiam opinion, 340 Pa.Super. 528, 490 A.2d 905 (1985) (per Cirillo, J., Tamilia, J., and Montgomery, J.J.) acknowledged that none of the individual

sentences imposed was in excess of the statutory maximum.[3]  *Id.*, 340 Pa.Superior Ct. at 532, 490 A.2d at 907. That court, however, reviewed the trial court's decision-making process and, substituting its own discretion for that of the trial court, found "each of the individual sentences and hence, the cumulative sentence, to be so manifestly excessive so as to inflict too severe a punishment." *Id.* Superior Court vacated the sentence and remanded to the trial court for resentencing in conformity with its opinion, which opinion outlined a sentence of 6 month's incarceration in the county jail accompanied by work release and a three year period of probation. *Id.*, 340 Pa.Superior Ct. at 536, 490 A.2d at 909.

We granted the Commonwealth's Petition for Allowance of Appeal, 508 Pa. 612, 499 A.2d 1063 (1985); and the majority of this Court quashes the appeal, thereby giving

---

**3.** The total penalty imposed was 2½ to 5 years and a fine of $1,000 plus costs.  The maximum total penalty under the law, which penalty the trial court could have imposed, was 8 years in prison and $17,500 in fines.  18 Pa.C.S.A. §§ 1101(3)–(5) and 1104(1)–(3) (setting forth maximum fines and terms of imprisonment for misdemeanors of the first, second and third degrees).

Homicide by vehicle is a misdemeanor of the first degree.  75 Pa.C.S.A. § 3732.  Under the Sentencing Guidelines, a 1½ year minimum period of incarceration is the highest aggravated minimum sentence for a misdemeanor of the first degree, 304 Pa.Code Ch. 303, § 303.9(b), and this is the minimum sentence imposed by the trial court for the homicide by vehicle charge.  Leaving the scene of an accident involving death or personal injury is a misdemeanor of the third degree.  75 Pa.C.S.A. § 3742(b).  The statutory limit of a one year period of incarceration is the aggravated minimum sentence for a misdemeanor of the third degree, 204 Pa.Code Ch. 303, § 303.9(b), and the trial court imposed a ½ year minimum sentence for the leaving the scene of the accident charge.

Driving under the influence of alcohol (D.U.I.) is a misdemeanor of the second degree.  75 Pa.C.S.A. § 3731.  A D.U.I. conviction carries a statutory maximum of 2 year's imprisonment, 18 Pa.C.S.A. § 1104(2), and the court may not impose a sentence of less than 48 hours on a first time offender.  75 Pa.S.C.A. § 3731(e)(1)(i).  Superior Court took great umbrage with the 1 to 2 year sentence the trial court imposed for the D.U.I. charge, stating that it was "identical to the maximum mandatory sentence for a four-time offender." 340 Pa.Super. at 532, 490 A.2d at 907.  The penalties outlined for D.U.I. in Section 3731 are mandatory minimum penalties and should not be regarded by sentencing tribunals as sentencing ranges similar to those found in the Sentencing Guidelines.

tacit approval to the clearly inappropriate review under-taken by the Superior Court, which abused *its* discretion and the proper scope of appellate review.

It is well settled that the imposition of sentence is within the sound discretion of the sentencing judge and will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Plank*, 498 Pa. 143, 445 A.2d 491 (1982); *Commonwealth v. Edrington*, 490 Pa. 251, 416 A.2d 455 (1980). An abuse of discretion has been described as the overlooking of pertinent facts, disregard of the force of evidence, commitment of an error of law, or imposition of a sentence exceeding that prescribed by statute. *Commonwealth v. Townsend*, 497 Pa. 604, 443 A.2d 1139 (1982); *Commonwealth v. Edrington, supra.* The trial court must weigh the defendant's character against the circumstances of the offense, *Commonwealth v. Edrington, supra;* must give due consideration to the statutory sentencing guide-lines, *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); and must impose a sentence which is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defend-ant." 42 Pa.C.S.A. § 9721(b). *See Commonwealth v. To-masso*, 506 Pa. 344, 485 A.2d 395 (1984) (per curiam, Lar-sen, J., dissenting). All of these functions comprise the discretionary aspects of sentencing and are within the baili-wick of the sentencing court, *not the appellate court.*

It is clear from the record that the trial court, in imposing sentence, painstakingly reviewed the relevant evidence in the case and all of the aggravating and mitigating circum-stances relating to the appellee. He agonized over passing a proper sentence, one that was consistent with the require-ments of justice under all of the circumstances in the case. Having done so, the trial court imposed a sentence that was, as Superior Court acknowledged, within the sentencing guidelines and not beyond the maximum penalties estab-lished by the legislature. The sentence he did impose was not the one which the Superior Court panel would have

imposed. Because the sentence is more severe than that which the Superior Court judges would have given does not render the trial judge's sentence a manifest abuse of discretion.

We recognized, when we upheld the constitutionality of Pennsylvania's "drunk driving law," 75 Pa.C.S.A. § 3731(a)(4), in *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983), that:

> traffic deaths commonly exceed 50,000 annually in the United States, and ... approximately one-half of these fatalities are alcohol related.... When we consider as well that over three-quarters of a million human beings are seriously, and often permanently, injured and maimed as a result of alcohol related accidents, the emotional trauma and economic loss experienced by the victims and their families, and the millions of dollars of property damage, it is easy to see that society is faced with a problem of frightening and epidemic dimensions.

*Id.*, 504 Pa. at 249, 470 A.2d at 1341 (citations omitted).

The case here is a serious one. A boy of 15 was killed when he was struck by a vehicle operated by appellee who had consumed enough alcohol to be legally intoxicated 90 minutes after the incident. Appellee took affirmative steps and admitted lying to cover up the true events of the evening, before eventually recanting her fabrication and telling a different story. If she had been tried and convicted on the charge of homicide by vehicle while driving under the influence (75 Pa.C.S.A. § 3735)—a real possibility in this case—she would have been subject to a *three year mandatory minimum sentence.* Through the efforts of her attorney in negotiating a plea bargain, the Section 3735 charge was dropped in return for her guilty plea to the three charges on which she was sentenced. The minimum sentence she received was one-half year less than the mandatory minimum provided for by Section 3735. This sentence may be viewed by some to be harsh, but the point is that

the *trial* court did not. A trial judge has the right and obligation to be "harsh" when he has duly considered all relevant circumstances and believes that under the facts such a sentence is warranted. Where the sentence is within the legislative guidelines, appellate courts may not vacate sentences as being manifestly excessive merely because the trial judge imposed a tough sentence where the appellate judges would have given a lenient one.

Therefore, it is equally clear that Superior Court exceeded its scope of appellate review in finding that the sentencing court abused its discretion and imposed a manifestly excessive sentence. Despite the mandatory language of 42 Pa.C.S.A. § 9781(f), it cannot be read to eliminate this Court's inherent authority to review, on a limited basis, a ruling by an intermediate appellate court which is an abuse of discretion or exceeds its authority.

We have held, in another context, that where an appeal is prohibited by statute, limited review is available in this Court to review (1) the question of jurisdiction; (2) the regularity of the proceedings below; (3) *questions of excess in exercise of powers;* and (4) constitutional questions. *See Guthrie v. Borough of Wilkinsburg,* 508 Pa. 590, 499 A.2d 570 (1985); *City of Washington v. Police Department of Washington,* 436 Pa. 168, 259 A.2d 437 (1969).

In *Guthrie,* we determined that limited judicial review of an arbitration award under the Pennsylvania Labor Mediation Act, 43 Pa.C.S.A. §§ 211.31–218, was appropriate in spite of strong language in the Act which disapproves court intervention in dispute resolution. Section 7 of Act 111, 43 Pa.C.S.A. § 217.7, provides in relevant part:

> **Determination; appeal; implementation** ... (a) The determination of the majority of the board of arbitration thus established *shall be final* on the issue or issues in dispute and *shall be binding* upon the public employer and the policemen or firemen involved.... *No appeal therefrom shall be allowed to any court.*

(emphasis supplied). In *City of Washington, supra,* the Pennsylvania Supreme Court found no constitutional right to an appeal from binding arbitration under the same statute in a dispute between a political subdivision of the Commonwealth and police and fire department employees. Nevertheless, the Court granted judicial review within the following parameters:

> If an appeal is prohibited by an Act, or the decision of the Agency is stated to be final or conclusive, the law is well settled that an appeal will lie to the Courts in the nature of a narrow certiorari and this Court will review only (1) the question of jurisdiction; (2) the regularity of the proceedings before the Agency; (3) *questions of excess in exercise of powers;* and (4) constitutional questions.

436 Pa. at 174, 259 A.2d at 441 (citations omitted) (emphasis added) (quoting *Keystone Raceway Corp. v. State Harness Racing Comm.,* 405 Pa. 1, 5–6, 173 A.2d 97, 99 (1961)).

Although broad and narrow certiorari have been eliminated from our lexicon by 42 Pa.C.S.A. § 5105(d)(1),[4] our decision in *Guthrie v. Borough of Wilkinsburg, supra,* gives continuing vitality to the concept of limited review where a statute purports to eliminate any judicial or subsequent review. I would urge my brethren to adapt such limited review to the language contained in 42 Pa.C.S.A. § 9781(f), particularly where, as here, Superior Court exceeded the scope of its authority in reviewing the discretionary aspect of appellee's sentence and in substituting its discretion for that of the sentencing court.

This Court has long had the jurisdiction to consider an appeal from a final judgment of Superior Court. See *Kraemer v. Guarantee Trust & Safe Deposit Co.,* 173 Pa.

---

**4.** Section 5105(d)(1) is applied when we grant a petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 724(a). Section 5105(d)(1) states:

**Scope of appeal.—**

(1) Except as otherwise provided in this subsection an·appeal under this section shall extend to the whole record, with like· effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law and the scope of review of the order shall not be limited as on broad or narrow certiorari.

416, 33 A. 1047 (1896), where Mr. Justice Mitchell held that the Supreme Court may review final judgments of Superior Court in cases within that court's exclusive jurisdiction on the basis of considerations such as issues involving public interests or rights, importance of the decision as precedent in recurring litigation, diversity of opinions in other courts, and the preservation of uniformity in the application of legal principles. In addition, this Court has found similar manifest error on the part of an appellate court to be a matter of law which is reviewable. *Phipps v. Phipps*, 368 Pa. 291, 297–98, 81 A.2d 523, 526 (1951) *cert. denied*, 342 U.S. 942, 72 S.Ct. 554, 96 L.Ed. 701 (1952) ("Whether the findings made below by the ... judge ... have been lightly set aside on appeal presents a question of law properly reviewable by this court in furtherance of uniformity.").

Review of Section 9781(f) cases is not beyond our jurisdiction where, as here, the trial court imposes a sentence within the statutory guidelines after full consideration of all relevant circumstances under the Sentencing Code and all criteria established by case law to guide sentencing decisions. Superior Court, in substituting its notion of the appropriate sentence for that of the trial judge, improperly "tinkered" with the lawfully imposed sentence.[5] We are not without the inherent authority to correct Superior Court's manifest error, notwithstanding the apparent limitations of Section 9781(f). Moreover, this Court has never before considered the meaning, scope and validity of this subsection of the Sentencing Code, 42 Pa.C.S.A. §§ 9701–9781, and should not continue to summarily quash challenges to a sentencing court's discretion without the benefit of such consideration.

For the foregoing reasons, I would reverse the order of Superior Court and reinstate the sentences imposed by the trial court.

**5.** See the Commentary to IV ABA Standards for Criminal Justice, Standard 20–3.1, *Duties of Reviewing Court* (1980), for a discussion of the proper role of reviewing courts in relation to sentencing courts.