533 A.2d 1362

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Harry YARBROUGH, Sr., Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1987.

Decided Dec. 2, 1987.

Michael R. Veshecco, Dist. Atty., Michael R. Cauley, Asst. Dist. Atty., Erie, for appellant.

Carmela R.M. Presogna, Asst. Public Defender, Erie, for appellee.

Before NIX, LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

This appeal is dismissed as having been improvidently granted.

HUTCHINSON, Former Justice, did not participate in the consideration or decision of this case.

LARSEN, Justice, filed a dissenting opinion in which McDERMOTT, Justice, joined.

LARSEN, Justice, dissenting.

I dissent. Appellee, Harry Yarbrough, has a criminal record as long as my arm. This criminal activity spans three decades:

| Date | Offense(s) | Disposition |
|------|-----------|-------------|
| 05/06/53 | Larceny | 5 years probation |
| 10/19/56 | Larceny | Pay costs/restitution |
| 11/26/56 | Carrying concealed deadly weapon | 3 years suspended sentence and released on 2 years probation |
| 04/09/59 | Burglary | 4–8 years Pa. Bureau of Corrections |
| 04/11/59 | Burglary | 4–8 years Pa. Bureau of Corrections |
| 05/13/59 | Burglary, Larceny | 4–8 years Pa. Bureau of Corrections |
| 02/06/64 | Burglary, Larceny | Suspended sentence and pay costs/restitution |

| Date | Offense(s) | Disposition |
|------|-----------|-------------|
| 07/09/64 | Disorderly conduct | Forfeiture $25.00 |
| 08/03/65 | False Pretenses | Pay restitution |
| 09/16/65 | Robbery | 3–8 years Pa. Bureau of Corrections |
| 06/23/66 | Robbery, Prison breech | 1½–3 years Pa. Bureau of Corrections |
| 06/28/66 · | Convicted parole violator | Recommitted |
| 12/16/71 | Burglary | 2½–7 years Pa. Bureau of Corrections |
| 09/16/74 | Burglary, Receiving stolen property | 5 years probation |
| 06/02/75 | Escape | 1–3 years Erie County Prison |
| 03/21/77 | Retail Theft | Dismissed |
| 03/29/77 | Receiving stolen property | nolle prosequi |
| 03/29/77 | Receiving stolen property, Theft by Deception | 11½–23 months Erie County Prison |
| 03/29/77 | Receiving stolen property | nolle prosequi |
| 03/29/77 | Burglary, Theft by unlawful taking, Receiving stolen property | 7 years probation. Probation revocation hearings pending |
| 01/19/79 | Retail Theft | 15 days Erie County Prison |
| 01/31/79 | Retail Theft | 5 days Erie County Prison |
| 01/22/80 | Retail Theft | $226 fines/costs |
| 04/xx/80 | Violation of Public Welfare Code (Fraud) | 1 year probation. Probation revocation hearings pending |
| 04/13/81 | Retail Theft (4th offense) | 11½–23 months Erie County Prison. Probation revocation hearings pending |

| Date | Offense(s) | Disposition |
| --- | --- | --- |
| 10/09/81 | Retail Theft (private complaint) | Dismissed |
| 12/17/81 | Violation of No Fault Insurance Act | 6 months probation |
| 06/28/84 | Retail Theft (5th offense) | Still pending |

This final offense, the subject of the instant appeal, involved a retail theft in a supermarket at the corner of 24th and Parade Streets in Erie. Appellee was apprehended in the process of stealing four cans of sardines and one bottle of hot sauce. The trial judge carefully considered the "minor" nature of the offense and appellee's record of repeated offenses when he sentenced appellee to a term of 2½ to 5 years imprisonment, well within the *minimum* sentencing guideline range.[1] In supporting his decision, the trial judge emphasized that the nature of the crime was not important in light of appellee's pattern of criminal conduct and his seeming inability to conduct his life beyond the confines of prison without violating the law.

Superior Court, in remanding for imposition of a lighter sentence, was of the opinion that this was not a serious crime and that it did not constitute a danger to the public. Substituting its own discretion for that of the trial court, Superior Court determined that the nature of the crime outweighed appellee's extensive record. As I stated previously:

> Where the sentence is within the legislative guidelines, appellate courts may not vacate sentences as being manifestly excessive merely because the trial judge imposed a

1. Appellee pleaded guilty to retail theft. Because this was a fifth offense of this nature, it was graded as a felony of the third degree. 18 Pa.C.S.A. § 3929(b)(1), (2). His offense gravity score was 5. Under the sentencing guidelines in effect at the time the offense was committed, the applicable minimum range was twenty-four to thirty-six months.

tough sentence where the appellate judges would have given a lenient one.

*Commonwealth v. Parrish,* 515 Pa. 297, 303, 528 A.2d 151, 154 (1987) (Larsen, J., dissenting). It is clear that Superior Court exceeded its scope of appellate review and that this Court has the authority to correct this manifest error. *Id.*

Accordingly, I would reverse the order of Superior Court and reinstate the judgment of sentence imposed by the trial court.

McDERMOTT, J., joins in this dissenting opinion.