539 A.2d 389

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Carl L. KAHLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 4, 1988.

Filed March 15, 1988.

Charles Rector, Lemoyne, for appellant.

John T. Robinson, District Attorney, Middleburg, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence imposing one-to-two years following a guilty plea to driving under the influence. Appellant contends that the trial court abused its discretion in imposing a sentence that is outside the guidelines, consistent with the statutory maximum, unreasonable, and not reflective of the minimum amount of time consistent with the gravity of the offense and therefore manifestly excessive. We affirm the judgment of the trial court.

On January 17, 1987, at about 6:00 p.m., appellant was arrested and charged with driving under the influence (DUI) and the summary offense of failing to stay within a

single lane. Appellant subsequently pleaded guilty to DUI and the summary offense was nol prossed. During a sentencing hearing on July 6, 1987, the trial court considered a presentence report, appellant's driving record,[1] the sentencing guidelines and heard from appellant's attorney. The trial judge then sentenced appellant to one-to-two years imprisonment for DUI. This appeal followed.

■ We note, preliminarily, that appellant is appealing from discretionary aspects of his sentence. The Commonwealth contends that appellant's challenge is waived because he has failed to raise a substantial question with respect to the appropriateness of his sentence. We note that appellant has complied with the mandate of Pa.R.A.P. 2119(f) by setting forth a concise statement of the reasons relied upon for allowance of this appeal. We find, moreover, that appellant has presented us with a substantial question and, therefore, this appeal is properly before us for review.

■ Appellant claims that the trial court abused its discretion in sentencing appellant to one-to-two years. It is firmly established that sentencing is a matter within the discretion of the trial court which we will not disturb absent an abuse of discretion. *Commonwealth v. Plank*, 498 Pa. 144, 445 A.2d 491 (1982); *Commonwealth v. Cherpes*, 360 Pa.Super. 246, 520 A.2d 439 (1987). If the sentence is within the statutory limits,[2] there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment. *Commonwealth v. Yacoubian*, 339 Pa.Super. 413, 489 A.2d 228 (1985), citing *Commonwealth v. Gaus*, 300 Pa.Super. 372, 377, 446 A.2d 661, 664 (1982).

1. The driving record established that ten years before the incident in question, appellant had been convicted of involuntary manslaughter while driving under the influence.

2. Instantly, the sentence falls within the statutory maximum of two years imprisonment for a misdemeanor of the second degree. 75 Pa.C.S.A. § 3731; 18 Pa.C.S.A. § 1104(2).

██ We have mandated that when a sentencing court deviates substantially from the sentencing guidelines[3], it is important that the court consider all factors relevant to a determination of the proper sentence. *Commonwealth v. Ruffo,* 360 Pa.Super. 180, 520 A.2d 43 (1987). The trial court is required, therefore, to consider the sentencing guidelines, *Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981); the background and character of the defendant and the circumstances of the crime, *Commonwealth v. Arent,* 352 Pa.Super. 520, 508 A.2d 596 (1986); and to impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9711(b).

Instantly, the trial court provided as follows:

The sentence will be outside the guidelines. The Court is obligated to consider the history, character, and condition of the defendant, circumstances of the crime, rehabilitative needs of the defendant, protection for the public, and the gravity of the offense. In this particular case, although the prior involvement with the criminal justice system was ten years, it involved drinking and involuntary manslaughter. The hope is that persons who kill others while drunk will not repeat incidents of drunk driving.

The rehabilitative needs of the defendant can best be served by the New Values Therapeutic Treatment Center now available through the state.

The history, character and condition of the defendant includes the fact that this particular offense occurred at 6:00 p.m. when people do not anticipate coming in contact with a person having a blood alcohol concentration of .20. .20 indicates a level of tolerance and abuse which predated the specific incident. The public deserves and requires protection, so that the needs for the protection of

---

**3.** In the instant case, the sentencing guidelines recommended non-confinement in the mitigated range; 0-to-6 months in the minimum range; and 6-to-12 months in the aggravated range.

the public mandate a more severe sentence, and one which can only be accomplished, considering the rehabilitative needs, at the State Correctional Institution with the New Values Therapeutic Session available.

.    .    .    .    .

[S]o the record reflects, the Court is aware the mandatory sentence which could have been imposed was 48 hours, inasmuch as the previous offense occurred more than seven years prior to this offense. The Court is aware of that at the time of its imposition of sentence.

Sentencing transcript at 4–6.

In addition, we note that prior to imposing sentence, the court heard from appellant's attorney who indicated that appellant was married, maintained a household, and "had been staying home while the drinking was taking place." Sentencing transcript at 4.

It is apparent that the trial court thoroughly considered the requisite criteria. Appellant contends, nonetheless, that the sentence was excessive in part because "[a]fter all, Appellant was to be sentenced for his first DUI conviction albeit in light of is prior record...." Appellant's brief at 11. We note, however, that the penalties outlined for DUI in 75 Pa.C.S.A. § 3731 are mandatory minimum penalties and should not be regarded by sentencing tribunals as sentencing ranges similar to those found in the Sentencing Guidelines. *Commonwealth v. Parrish*, 515 Pa. 297 n. 3, 528 A.2d 151 n. 3 (1987) (Larsen, J., dissenting).

We find that, given the circumstances, the sentence imposed was not so manifestly excessive as to impose too severe a punishment. The trial court, therefore, did not abuse its discretion in sentencing appellant to one-to-two years at the state correctional institution that would provide appellant with rehabilitative treatment to benefit himself and to protect the community.

The judgment of sentence is affirmed.