431 A.2d 918

**COMMONWEALTH of Pennsylvania,**

v.

**Donald W. GREEN, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 3, 1981.

Decided July 2, 1981.

David J. Graban, Sharon, for appellant.

Charles S. Hersh, Asst. Dist. Atty., Mercer, for appellee.

Before O'BRIEN C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal from a judgment of sentence of ten to twenty years' imprisonment following a plea of guilty to murder of the third degree. The sentence was entered on October 10, 1978, after an order of this Court dated September 22, 1978, which vacated a previously-entered judgment of sentence of the same term and remanded the record for proceedings consistent with *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Appellant contends that on resentencing the court abused its discretion. We affirm.

Sentence here was imposed well after July 1, 1978, the effective date of Pa.R.Crim.Proc. 1410. Rule 1410 requires a defendant seeking relief from a judgment of sentence to file a written motion for modification within ten days of the entry of sentence. The record fails to disclose compliance with Rule 1410.

■ Generally, appellate review of the sentence would be foreclosed. See, e. g., *Commonwealth v. Stetler*, 494 Pa. 551, 431 A.2d 992 (1981); *Commonwealth v. Ruschel*, 280 Pa.Super. 187, 421 A.2d 468 (1980). However, appellant has filed a pro se brief in this Court pointing out the present procedural defect and alleging that counsel was ineffective for failing to preserve the sentencing issue. Considerations of judicial economy compel us to address appellant's contention.[1]

---

1. In his pro se brief, appellant makes several other allegations of ineffective assistance of counsel. These allegations have not been considered by the trial court, either as a part of post-verdict motions or in proceedings under the Post Conviction Hearing Act. Our disposition in no respect encompasses these allegations.

The court's sentence of ten to twenty years' imprisonment is within the legislatively-defined range of permissible sentences for a conviction of murder of the third degree. See 18 Pa.C.S. § 1103(1). Compare *Commonwealth v. Hertzog*, 492 Pa. 632, 425 A.2d 329 (1981). The court's on-the-record statement of reasons for the sentence imposed, required under Pa.R.Crim.Proc. 1405(b) and *Commonwealth v. Riggins*, supra, reflects consideration both of the circumstances of the offense and of the character of the defendant. See *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650, 658 (1976).[2] The court's reasons also reflect "due consideration" of Pennsylvania's statutory sentencing guidelines, 42 Pa.C.S.A. § 9721 et seq. (formerly 18 Pa.C.S. § 1321 et seq.), including those relating to total confinement. *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981).

██ In the face of the court's compliance with the above requirements, appellant contends that only "token reference" was made to aspects of his character. While our cases hold that the sentencing court must consider the character of the defendant, see *Commonwealth v. Martin*, supra, it

---

**2.** After reviewing defense evidence of appellant's character, the Court stated:

"The Court finds that the evidence in this case is overwhelming that you went to the Norris house looking for the victim, Mr. Ivy; that you invited him outside of the house; that within a period of time, a short period of time, that you shot at a close distance, some five feet. The Commonwealth's testimony would indicate that you shot three times. Apparently, one shot missed him. One shot hit him in the leg and one shot hit him between the eyes and killed him. While the Court considers your statement that Mr. Ivy had a club of some kind and that he came after you, the evidence in this case does not in any way bear that out. The evidence is, both by the Commonwealth's witnesses and by the District Attorney's Office is that no club or stick or bat of any kind was found at the scene of the crime, even though the police made a search for it.

The evidence also considers some lack of concern on your part, that after the shooting occurred you went down to your mother's house to call the police but somebody was talking on the telephone, so you laid down on the couch and finally, the police arrived and, apparently, arrested you. That is the Court's recollection of the facts and the matters taken into consideration by this Court."

remains for the sentencing court to weigh the defendant's character against the circumstances of the offense. *Id.* Such an exercise of the judicial function "must not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Edrington*, 490 Pa. 251, 255, 416 A.2d 455, 457 (1980). As we explained in *Commonwealth v. Martin*, supra,

"Pennsylvania's procedure of indeterminate sentencing carries with it an implicit adoption of the philosophy of individual sentencing. This necessitates the granting of broad discretion to the trial judge, who must determine, among the sentencing alternatives and the range of permissible penalties, the proper sentence to be imposed."

466 Pa. at 130, 351 A.2d at 656 (footnotes omitted). No such abuse of discretion appears here, and relief must be denied.

Judgment of sentence affirmed.