443 A.2d 1139

**COMMONWEALTH of Pennsylvania,**

v.

**George Michael TOWNSEND, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 2, 1982.

Decided April 21, 1982.

Harry E. Knafelc, Beaver, for appellant.

Edward J. Tocci, Dist. Atty., John Lee Brown, Jr., Asst. Dist. Atty., Beaver, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In the early morning hours of March 16, 1980, appellant George Townsend, then eighteen years old, entered the bar of the Darlington Hotel in Beaver County with a friend. The two had been drinking throughout the evening. When they became separated, appellant left the hotel and returned with a rifle in search of his friend. Appellant fired two shots into the ceiling, at which point some patrons of the bar attempted to disarm him. Appellant then fired the rifle a third time, killing one man and wounding another.

Appellant initially entered a plea of not guilty to charges of criminal homicide and aggravated assault. However, before the case could proceed to trial, appellant agreed to enter a plea of nolo contendere to murder of the third degree, in return for which the Commonwealth agreed that the assault charge would be nol prossed and that the maximum penalty for the murder charge would not be sought.

On September 24, 1980, the Court of Common Pleas of Beaver County sentenced appellant to a term of five to fifteen years' imprisonment, indicating its desire that the sentence be served at the Camp Hill Correctional Facility. Appellant's sole contention on this direct appeal is that the sentence imposed was manifestly excessive. As we find the sentence to have been well within the court's discretion, we affirm.[1]

As this Court stated in *Commonwealth v. Edrington*, 490 Pa. 251, 255–56, 416 A.2d 455, 457 (1980),

"[o]ur review of challenges to sentencing for murder of the third degree follows precisely those general guidelines we have developed in recent cases and which the Legislature has prescribed in the Sentencing Code (18 Pa.C.S. § 1301 et seq.). *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978). Thus, as our cases and as the Code make clear, proper sentencing is a matter vested in the sound discretion of the trial court, whose determination must not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976); *Commonwealth v. Lee*, 450 Pa. 152, 299 A.2d 640 (1973). Nevertheless, in exercising its discretion the sentencing court must not overlook pertinent facts, disregard the force of evidence or commit an error of law. Nor may it impose a sentence exceeding that prescribed by statute. In addition, the trial court must examine the circumstances of the crime and the individual background of the defendant. For the sentence imposed must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *Commonwealth v. Knight*, supra, 479 Pa. at 213, 387 A.2d at 1299; see 18 Pa.C.S. § 1321(b); ABA Project on Minimum Standards of Justice, Standards Relating to Sentencing Alternatives and Procedures § 2.2 (Approved Draft, 1968)."

1. Appellant was further sentenced to pay a fine of $1.00, to pay the medical bills of the man he had wounded, and to make restitution to the next of kin of the man he had killed. None of these aspects of the sentence is challenged here.

Here, the record is clear that the sentencing judge, who had also accepted appellant's plea of nolo contendere after a thorough colloquy, fully complied with the above guidelines.

At the sentencing hearing, the court considered the pre-sentence investigative report and heard testimony from nine witnesses: the arresting officer, appellant's parents, five witnesses on behalf of appellant's character, and appellant himself. Thus, at the time it imposed sentence, the court had before it a commendably complete picture of both the specific circumstances of appellant's offense and appellant's personal history.

On the basis of all the evidence, the court imposed a sentence of five to fifteen years' imprisonment, stating its reasons for the sentence on the record. Pa.R.Crim.P. 1405(b); *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion). The court noted that it had considered the fact that, aside from a tendency toward alcohol abuse, appellant had "a relatively good record." Nonetheless, the court concluded that the gravity of appellant's offense, an irrational and unjustified taking of a human life, required that a minimum sentence of five years' imprisonment be imposed.[2] In recognition of appellant's age and record, the court expressed its desire that the sentence be served at the Camp Hill Correctional Facility, an institution specifically designed for youthful offenders without prior serious criminal records. See 60 P.S. § 481 et seq.

As the record sets forth sufficient reasons to assure this Court that appellant's sentence was both individualized and fair, *Commonwealth v. Edrington*, supra; *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978), we affirm the judgment of sentence.

Judgment affirmed.

2. For murder of the third degree, which is a felony of the first degree, 18 Pa.C.S. § 2502(c), the maximum punishment permitted by statute is a fine of $25,000, 18 Pa.C.S. § 1101(1), and imprisonment of not more than twenty years. 18 Pa.C.S. § 1103(1).