565 A.2d 732

COMMONWEALTH of Pennsylvania, Appellant,

v.

Charles R.T. JONES, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 28, 1988.

Decided Oct. 19, 1989.

William H. Platt, Dist. Atty., Glennis L. Clark, Robert Steinberg, Asst. Dist. Attys., for appellant.

George A. Heitczman, Bethlehem, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

NIX, Chief Justice.

Petitioner, appellee, after receiving a sentence imposed by the trial court of 50 to 100 years, was successful in an appeal of that judgment of sentence to the Superior Court. The Superior Court vacated the sentence imposed by the trial court and remanded the cause for resentencing. 367 Pa.Super. 648, 528 A.2d 257 (1987). The Commonwealth sought review of the Superior Court's decision by filing a petition for allowance of appeal to this Court. On February 17, 1988, this Court granted the Commonwealth's request. Thereafter on March 29, 1988, petitioner filed a motion to quash the appeal. For the reasons that follow, we conclude that the request to quash the appeal was appropriately lodged. We therefore enter an order quashing this appeal and rendering moot the arguments presented by the parties relating to the issues raised by the decision of the Superior Court.[1]

---

1. In view of our finding that the motion to quash the instant appeal must be sustained, we will refer to Mr. Jones in this opinion as

Petitioner, Charles R.T. Jones, entered pleas of guilty before the trial court on October 11, 1985. These pleas were entered to 21 counts of sexual abuse of children, 18 Pa.C.S. § 6312(c), 20 counts of obscene and other sexual materials, 18 Pa.C.S. § 5903, and 21 counts of involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123. On May 13, 1986, petitioner was sentenced to a term of imprisonment totalling 50 to 100 years.[2] The request for reconsideration of the sentences was denied after hearing. The numerous incidents giving rise to these charges occurred over a six-month period in 1984 and involved 14 male children ranging in age from 4 to 14 years. The minors engaged in oral sex with each other as well as with petitioner. Occasionally petitioner photographed some of these encounters. At the time of these incidents petitioner was 38 years of age and had no other criminal record. There is no allegation that any of these encounters were accomplished by force or threats of force.[3] In justifying the sentence imposed the trial court indicated, in a memorandum opinion, "[i]n light of the severity of the crimes, their multiplicity, the victims being young boys, and having occurred over a long period of time and the resultant harm, the Court found nothing manifestly excessive in the sentences imposed...." Slip op. at 3, No. 185/1985 (Court of Common Pleas, Lehigh County, Aug. 21, 1986). In vacating the trial court's decision and remanding the cause for resentencing, the Superior Court explained its action as follows:

"petitioner" and the Commonwealth as the "respondent." It is appropriate to refer to the parties consistent with their respective positions on the motion to quash since our order today vacates our order of February 17, 1988, granting the allowance of appeal.

2. On 20 counts of involuntary deviate sexual intercourse, the maximum sentence was twenty years on each count for a total of 400 years. On each of 21 counts of sexual abuse of children, a 10–year maximum was available for a total of 210 years. On each of 20 counts of obscene or other sexual materials, a 5–year maximum was available for a total of 100 years.

3. Petitioner's plea of guilty to involuntary deviate sexual intercourse relates specifically to his conduct with persons under the age of 16. *See* 18 Pa.C.S. § 3123(5).

In determining sentence, the court is to be guided by the following, as provided in 42 Pa.C.S.A. § 9721(b):

General standards.—In selecting from the alternatives set forth in subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

"A sentence must be imposed based on the *minimum* amount of confinement that is consistent with the gravity of the offense, the need of the public for protection and the rehabilitative needs of the defendant." *Commonwealth v. Simpson*, 353 Pa.Super. 474, 478, 510 A.2d 760, 762 (1986) (citations omitted) (emphasis supplied).

This general principle was not followed by the trial court since its focus was nearly exclusively upon the need to punish and the harm caused to the victims. We find the lower court did not take adequate consideration of the appellant's background, his crime-free adult record, the relatively short time span during which the crimes occurred, his undisputed mental illness and expression of remorse, and the prospects of treatment of appellant's illness. The lower court may not totally ignore evidence which suggests that appellant, in a reasonable period of time and under proper treatment, may return to society as a contributing member. Slip op. at 4, No. 1433 (Superior Court, March 18, 1982).

This opinion virtually paraphrases the direction of this Court set forth in *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650, 657 (1976).

The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See 18 Pa.C.S. § 1321(b) (Supp.1975). At least two factors are crucial to such determination—the particular circumstances of the

offense and the character of the defendant.... We hold that ... the sentencing court must at least consider these two factors in its sentencing determination. Failure to give such individualized consideration requires that these sentences be vacated.

As previously stated, the question we are called upon to decide is whether or not this Court is vested with the authority to further review this matter. In this case there is no question as to the legality of the sentence imposed. The issue centers upon the appropriateness of the trial court's exercise of discretion. One of the most important functions performed by a trial judge is the fashioning of the sanction to be imposed for those who are convicted of violating our laws. Traditionally, the deference to the sentencing judge's discretion in such matters has been recognized. *Commonwealth v. Plank*, 498 Pa. 144, 445 A.2d 491 (1982); *Commonwealth v. Williams*, 456 Pa. 550, 317 A.2d 250 (1974); *Commonwealth v. Lee*, 450 Pa. 152, 299 A.2d 640 (1973); *Commonwealth v. Person*, 450 Pa. 1, 297 A.2d 460 (1972). The goal to be achieved in the sentencing decision must accommodate a number of different objectives. The trial court is required to be fair to the offender but at the same time protect society and vindicate the victim. The sentencing decision focuses on the well-recognized concerns for deterrence, retribution, and rehabilitation. In dealing with such an equation, reasonable men can obviously differ and thus the law has seized upon the wise decision to give great deference to the trial judge's decision in this area.[4] *Commonwealth v. Martin, supra.*

 Our statute provides an absolute right to the defendant or the Commonwealth to appeal the legality of a sentence. 42 Pa.C.S. § 9781(a). However, the statutory scheme recognizes the uniqueness of the exercise of discretion that is encompassed in the sentencing decision. Section

4. Even the relatively recent legislative attempts to formulate sentencing guidelines were not designed to curtail the discretionary aspects of the sentencing decision, but rather to assist in structuring it so that those factors commonly accepted as relevant will be brought to bear in such a judgment.

9781(b) provides the defendant or the Commonwealth with only a limited appeal in an attack upon the discretionary aspects of a legal sentence to the appellate court that has initial jurisdiction in the matter.[5] Thus the statutory law reflects the long-standing case law, recognizing that the trial court's prerogative in sentencing should not be unduly fettered. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Sutley*, 474 Pa. 256, 378 A.2d 780 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Most pertinent to our instant inquiry, the legislature, in 9781(f), has expressly prohibited an appeal by either the Commonwealth or the defense relating to

5. § 9781. **Appellate review of sentence**
(a) **Right to appeal.**—The defendant or the Commonwealth may appeal as of right the legality of the sentence.
(b) **Allowance of Appeal.**—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.
(c) **Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
(d) **Review of record.**—In reviewing the record the appellate court shall have regard for:
(1) The nature and circumstances of the offense and the history and characteristics of the defendant.
(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
(3) The findings upon which the sentence was based.
(4) The guidelines promulgated by the commission.
(e) **Right to bail not enlarged.**—Nothing in this chapter shall be construed to enlarge the defendant's right to bail pending appeal.
(f) **Limitation on additional appellate review.**—No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals.

the "discretionary aspects of the sentence beyond the appellate court that has initial jurisdiction for such appeals." *See also, Commonwealth v. Parrish,* 515 Pa. 297, 528 A.2d 151 (1987).

It is to be noted that the concern expressed by the Superior Court in this matter was that the trial court may have focused "nearly exclusively" upon the need to punish for the harm caused to the victims, and that in doing so proper consideration was not given to the mental illness under which petitioner labored at the time of these incidents and the prospects of treatment which petitioner was receiving for the malady. Nothing in the order of the Superior Court would preclude the trial court from reinstituting the same sentence if indeed that court did weigh those factors in arriving at the sentence imposed. The order of the Superior Court should not be viewed as usurping the trial court's exercise of discretion, but rather as attempting to assure that the trial judge properly weighed all of the relevant facts upon which the decision should have been made. In any event it is clear that under the statutory law we are without jurisdiction to provide a further review.

Accordingly, the motion to quash the appeal is granted.

STOUT, former Justice, did not participate in the decision of this case.

McDERMOTT, J., files a concurring opinion.

LARSEN, J., files a dissenting opinion.

McDERMOTT, Justice, concurring.

I join the result because the trial judge is asked to state his reasons for sentence. When he does, he may satisfy the statute and the Superior Court. I reserve consideration of what is to be done if the Superior Court falls into an abuse of discretion in matters of sentence.

LARSEN, Justice, dissenting.

In this appeal the Commonwealth challenges the Superior Court's order and opinion which treads upon the trial

court's sentencing powers by vacating a lawful sentence of incarceration and directing that the trial court's sentence must be reduced simply because the Superior Court, under the circumstances, would have entered a more lenient sentence. The majority, in quashing this appeal, sanctions the Superior Court's abuse of discretion. I dissent.

The appellee, Charles R.T. Jones, pleaded guilty to twenty counts of involuntary deviate sexual intercourse, 18 Pa.C.S.A. § 3123(5), twenty-one counts of sexual abuse of children, 18 Pa.C.S.A. § 6312(b), and twenty counts of obscene and other sexual materials, 18 Pa.C.S.A. § 5903(a) & (c), a total of sixty-one counts, all of which were perpetrated from June through November of 1984 and involved fourteen young boys between the ages of four and fifteen. The various episodes of depravity involved sodomy, masturbation, showing and using sexual aids, showing and using pornographic films, involuntary sexual acts, videotaping of the appellee performing sexual acts with the young boys and the videotaping of the youngsters performing sexual acts with one another. The maximum sentence that could have been imposed for the multiple counts to which the appellee pleaded guilty was 710 years of imprisonment. Judge Mellenberg of the Lehigh County Common Pleas Court exhibited some degree of restraint in sentencing the appellee to a term of 50 to 100 years imprisonment.

The majority acknowledges that "there is no question as to the legality of the sentence imposed." Nonetheless, the majority quashes the Commonwealth's appeal and in doing so lets stand the Superior Court's order which vacated the trial court's lawful sentence as "manifestly excessive" and remanded for imposition of a sentence that conforms to the Superior Court's view of what a proper sentence should be in this case.

It is well settled that the imposition of sentence is within the sound discretion of the sentencing judge and will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Plank*, 498 Pa. 144, 445 A2d 491 (1982); *Commonwealth v. Edrington*, 490 Pa.

251, 416 A2d 455 (1980). An abuse of discretion has been described as the overlooking of pertinent facts, disregard of the force of evidence, commitment of an error of law, or imposition of a sentence exceeding that prescribed by statute. *Commonwealth v. Townsend,* 497 Pa. 604, 443 A2d 1139 (1982); *Commonwealth v. Edrington,* supra. The trial court must weigh the defendant's character against the circumstances of the offense, *Commonwealth v. Edrington, supra;* must give due consideration to the statutory guidelines, *Commonwealth v. Green,* 494 Pa. 406, 431 A2d 918 (1981); and must impose a sentence which is 'consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.' 42 Pa.C.S.A. § 9721(b). See *Commonwealth v. Tomasso,* 506 Pa. 344, 485 A2d 395 (1984) (per curiam, Larsen, J. dissenting). All of these functions comprise the discretionary aspects of sentencing and are within the bailiwick of the sentencing court, *not the appellate court.* (emphasis in original) *Commonwealth v. Parrish,* 515 Pa. 297, 301, 528 A.2d 151, 153 (1987) (per curiam, Larsen J. dissenting).

Contrary to the Superior Court's observations, the sentencing judge did give proper consideration to the gravity of the offenses for which the appellee stands convicted, along with the needs of the public for protection, and the rehabilitative needs of the appellee. At the sentencing hearing the trial judge observed that he was cognizant and recognized the psychological and psychiatric disturbances testified to by Dr. Rotenberg, appellee's expert witness. (Rec., pps 124–27 & 131) Dr. Rotenberg testified, inter alia, that the appellee was a pedophile; that he had difficulty dealing with his own feelings in relation to others, but he was not psychotic, nor was he out of touch with reality; that at the time of the incidents in question his sexual urges were out of control; and that he was possessed of a long-term personality disorder involving a lifestyle in which he had poor relations with others. Additionally, the trial judge

considered a letter written by Dr. Caggione, one of the appellee's physicians in New York and letters from counselors, and a church written on behalf of the appellee and accepted into evidence at the sentencing hearing. After considering all of this information presented by the appellee pertaining to his background, physical, mental and emotional condition, and his rehabilitative needs, along with the nature of the crimes and the needs of society, the trial judge determined that a sentence of imprisonment for a term of 50 to 100 years was appropriate. I find no error.

Further, the majority misreads the Superior Court Opinion in stating that:

"Nothing in the order of the Superior Court would preclude the trial court from reinstituting the same sentence if indeed that court did weigh those factors [relating to the appellee] in arriving at the sentence imposed." (Majority Opinion at p. 735.)

Technically, and reading the Superior Court's order in isolation, the majority may be correct. Such a reading, however, ignores the clear signal given by the Superior Court's Memorandum opinion which, in part, states:

"The lower court may not totally ignore evidence which suggests that appellant, in a reasonable period of time and under proper treatment, may return to society as a contributing member" (Citation omitted)

We remand to the lower court *for correction of its manifestly excessive sentence.*" (emphasis supplied)

Further, in a footnote, the Superior Court observed:

"While we express no opinion as to the sentence the lower court should impose, we note that even a sentence half as long as that imposed, i.e., twenty-five year minimum, would not expire until the [appellee] is sixty-three years old."

These directions and comments contained in the Superior Court opinion make it reasonably evident that it is that court's view that this appellee should receive a sentence much more lenient than the lawful one imposed by the trial court. Clearly, this is an abusive usurpation of the sentenc-

ing power of the trial judge and should not be allowed to stand. What I said in my dissenting opinion in *Commonwealth v. Parrish, supra* applies with equal force here.

Review of Section 9781(f) cases is not beyond our jurisdiction where, as here, the trial court imposes a sentence within the statutory guidelines after full consideration of all relevant circumstances under the Sentencing Code and all criteria established by case law to guide sentencing decisions. Superior Court, in substituting its notion of the appropriate sentence for that of the trial judge, improperly 'tinkered' with the lawfully imposed sentence. (footnote omitted) We are not without the inherent authority to correct Superior Court's manifest error, notwithstanding the apparent limitations of Section 9781(f).

528 A.2d at 155.

I would reverse the order of the Superior Court and reinstate the sentence imposed by the trial judge.