**Commonwealth v. Gessa**

*Charles F. Lieberman,* for the Commonwealth.
*Michael P. Gough,* for defendant.

THOMSON, *P.J.,* November 22, 1995—This case arises out of an appeal by the defendant, Selenee Gessa, appellant, to this court's order of September 28, 1995, which set the appellant's sentence.

The sentencing order was duly appealed and by our order of October 31, 1995, we directed the appellant to file a concise statement of matters complained of on appeal. In response, the appellant submitted said statement on November 6, 1995.

The appellant pled guilty to false statements regarding public welfare. Appellant had engaged in a continuing course of criminal activity which occurred both before and after the enactment of the August 1994 sentencing guidelines. Appellant's statement asserts that there exists a substantial question as to whether the old or new sentencing guidelines apply.

After consideration of the pre-sentence report and all relevant matters, we sentenced appellant to a period of three to 20 months incarceration in accordance with the old guidelines as they existed prior to the August 1994 amendments. Appellant asserts that the new guidelines should have been applied under which a period of incarceration could not have been imposed.

The sentencing code does not address the issue of which guidelines apply where there is a continuing course of criminal activity occurring both before and after amendments to the guidelines are enacted. See

42 Pa.C.S. §9701, et seq.; see also, 204 Pa. Code Ch. 303.1, et seq.

The sentencing guidelines provide that

"The sentencing guidelines became effective on April 25, 1988 and shall apply to all misdemeanor and felony offenses committed on or after that date. Amendments to the guidelines went into effect August 8, 1991, December 20, 1991 and August 12, 1994. Amendments to the sentencing guidelines shall apply to all offenses committed on or after the date the amendment becomes part of the guidelines." 204 Pa. Code Ch. 303.1(c).

It is the settled rule that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent an abuse of that discretion." *Commonwealth v. Reed,* 400 Pa. Super. 207, 233, 583 A.2d 459, 472 (1990), quoting *Commonwealth v. Anderson,* 381 Pa. Super. 1, 16, 552 A.2d 1064, 1072 (1988). "The Supreme Court [of Pennsylvania] has made it abundantly clear that the sentencing court's discretion is broad, and that a reviewing court should not disturb the exercise of that discretion except for substantial reasons." *Reed, supra* at 234, 583 A.2d at 472, citing *Commonwealth v. Ward,* 524 Pa. 48, 568 A.2d 1242 (1990); *Commonwealth v. Jones,* 523 Pa. 138, 565 A.2d 732 (1989); *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988).

"An abuse of discretion [may be] the overlooking of pertinent facts, disregard of the force of evidence, commitment of an error of law, or imposition of a sentence exceeding that prescribed by statute." *Commonwealth v. Parrish,* 515 Pa. 297, 301, 528 A.2d 151, 153 (1987), citing *Commonwealth v. Townsend,* 497 Pa. 604, 443 A.2d 1139 (1982); *Commonwealth v. Edrington,* 490 Pa. 251, 416 A.2d 455 (1980).

When imposing sentence the court must give due consideration to the statutory sentencing guidelines. *Commonwealth v. Green,* 494 Pa. 406, 410, 431 A.2d 918, 920 (1981). However, the Supreme Court has stated that the "sentencing guidelines were not designed to curtail the discretionary aspects of the sentencing decision, but rather to assist in structuring it so that those factors commonly accepted as relevant will be brought to bear in such a judgment." *Commonwealth v. Jones, supra* at 142 n.4, 565 A.2d at 734 n.4. The guidelines need only be "considered" and the sentencing court retains "ultimate control over the application of the guidelines to a particular case." *Commonwealth v. Sessoms,* 516 Pa. 365, 376, 532 A.2d 775, 781 (1987).

In the end, the sentencing court must impose a sentence which is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant." *Commonwealth v. Frazier,* 347 Pa. Super. 64, 67, 500 A.2d 158, 159 (1985); see 42 Pa.C.S. §9721(b). Where the court had the benefit of a pre-sentence report, it will be presumed that he "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Reed, supra* at 234, 583 A.2d at 472, quoting *Devers, supra* at 101-102, 546 A.2d at 18. "Having been fully informed by the presentence report, the sentencing court's discretion should not be disturbed." *Id.,* quoting *Devers, supra* at 102, 546 A.2d at 18.

We obtained and fully considered the pre-sentence report in this case. We believed it was within our discretion to sentence appellant under the old sentencing guidelines. Accordingly, we continue to stand by our sentencing order of September 28, 1995.