J-S90021-16 & J-S90022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRANCE HILL | |
| Appellant | No. 3297 EDA 2015 |

Appeal from the Judgment of Sentence Dated May 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002472-2014

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRANCE HILL | |
| Appellant | No. 3298 EDA 2015 |

Appeal from the Judgment of Sentence Dated May 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002454-2014

BEFORE: OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 30, 2016**

Appellant Terrance Hill appeals from the judgments of sentence imposed by the Court of Common Pleas of Philadelphia following his convictions at Docket Nos. CP–51–CR–0002454-2014 and CP–51–CR–0002472–2014. Appellant challenges the discretionary aspects of his sentences. We affirm.

At Docket No. CP-51-CR-0002454-2014, Appellant was charged with robbery (18 Pa.C.S. § 3701(a)(1)(ii)), conspiracy to commit robbery (18 Pa.C.S. § 903(c)), and related offenses. These charges related to a January 18, 2014 gunpoint robbery of a restaurant at 3000 Island Avenue in Philadelphia. N.T., 4/17/14, at 4.

At Docket No. CP-51-CR-0002472-2014, Appellant was again charged with robbery, conspiracy to commit robbery, and related offenses. These charges related to a January 23, 2014 gunpoint robbery of a restaurant at 4201 Market Street in Philadelphia. N.T., 4/17/14, at 5.

The trial court dealt at the same time with the charges in each case. On April 17, 2014, Appellant entered an open guilty plea to one count of robbery and one count of conspiracy to commit robbery in each case. The trial court held a sentencing hearing in the two cases on May 29, 2015.[1] At that hearing, Appellant's counsel emphasized that Appellant had "a tremendous amount of family support." N.T., 5/29/15, at 4. Appellant apologized, said he accepted full responsibility, and assured the court, "if you let me go today, I promise you you'll never see me in here again." *Id.* at 5. The Commonwealth noted that, although Appellant had a prior record score of zero, he had previously been adjudicated delinquent and failed to follow the conditions of his probation. *Id.* at 6. Six months after his release

---

[1] The sentencing hearing was continued several times while the trial court awaited the necessary reports.

from the juvenile facility, he stole his aunt's car and committed the two gunpoint robberies at issue here. ***Id.*** at 7. While in jail, he was criminally charged with making a weapon (a shank). ***Id.***

At the conclusion of the sentencing hearing, the trial court sentenced Appellant to 5 to 10 years' imprisonment, followed by 10 years' probation for each count of robbery and each count of conspiracy to commit robbery. All sentences were concurrent.[2] The court explained the reasons for its sentence as follows:

> Taking into consideration [that Appellant] pled guilty, taking into consideration that no one was injured during the course of these robberies, taking into consideration that guns were used to rob the victims, taking into consideration [that Appellant] produced a weapon while in custody, taking into consideration that [Appellant] is a danger or threat to society, and I fashion a sentence to punish [Appellant,] to protect society[,] and in an

---

[2] At the same sentencing hearing, Appellant also was sentenced for offences charged at two other docket numbers that are not now before this Court. No. CP-51-CR-000417-2014 dealt with Appellant's theft of his aunt's car, for which he received a concurrent sentence of three and one-half to seven years' incarceration for theft by unlawful taking and fleeing or attempting to elude police officers. No. MC-51-CR-0041515-2014 dealt with the shank incident, for which Appellant received a consecutive sentence of five years' probation for possessing a weapon for escape in a correctional institution. Thus, the aggregate sentence imposed on May 29, 2015 was 5 to 10 years' incarceration, followed by 15 years' probation. The appeals now before this Court address only the robbery and conspiracy to commit robbery convictions, for which the aggregate sentence was 5 to 10 years' incarceration, followed by 10 years' probation. Appellant separately appealed the judgment of sentence at No. CP-51-CR-000417-2014, but we dismissed that appeal because Appellant failed to file a brief. ***See*** No. 3256 EDA 2015 (Pa. Super.).

attempt to rehabilitate him — based on his past, I think a state sentence is mandated. I'll impose a state sentence.

N.T., 5/29/15, at 9-10.

On June 2, 2015, Appellant filed a Motion to Reconsider Sentence in which he argued that, given his age and family support, the trial court abused its discretion when it sentenced him above the aggravated range in the sentencing guidelines. *See* Motion to Reconsider Sentence, 6/2/15, at ¶ 4.[3] On October 6, 2015, Appellant's motion was denied by operation of law pursuant to Criminal Rule 720(B)(3).

Appellant filed a timely notice of appeal in each case and filed separate briefs that are similar, but not identical. The Commonwealth filed one brief in response. Because of the similarity of the issues, we address both appeals together in this memorandum.

In his brief relating to his conviction at No. CP-51-CR-0002472-2014 (docketed in this Court at No. 3297 EDA 2015), Appellant raises the following issue:

Whether the court's sentence of five to ten (5-10) years' incarceration followed by fifteen (15) years['] probation violated

---

[3] Appellant filed the same motion in each case. The guidelines suggested a standard range minimum sentence of 40 to 54 months, and an aggravated minimum sentence of up to 66 months, for each robbery. N.T., 5/29/15, at 3. Thus, the five to ten-year prison portion of Appellant's sentence was consistent with the aggravated minimum suggested by the guidelines, and the ten-year probationary period caused the sentence to exceed the guidelines.

Pa.R.Crim.P. § 702 and [42] Pa.C.S. § 9742(b), constituting an abuse of discretion?

Appellant's Brief, No. 3297 EDA 2015, filed 4/11/16 ("Appellant's 3297 Brief"), at 5. In his brief relating to his conviction at No. CP-51-CR-0002454-2014 (docketed in this Court at No. 3298 EDA 2015),[4] Appellant states his issue as follows:

Whether the court's sentence of five to ten (5-10) years' incarceration followed by fifteen (15) years['] probation violated [42] Pa.C.S. § 9721(b), constituting an abuse of discretion?

Appellant's Brief, No. 3298 EDA 2015, filed 9/16/16 ("Appellant's 3298 Brief"), at 5.

In each appeal, Appellant challenges the discretionary aspects of his sentence, an issue which is not appealable as of right. *See Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). Before we exercise jurisdiction to reach the merits of Appellant's issues, we must determine: (1) whether his appeals are timely; (2) whether Appellant preserved his issues; (3) whether Appellant's briefs include a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentences; and (4)

---

[4] Because Appellant did not file a timely brief at No. 3298 EDA 2015, we dismissed that appeal on May 26, 2016. Upon Appellant's application for relief, we reinstated the appeal on June 20, 2016. When Appellant again failed to file a timely brief, we again dismissed the appeal. Appellant then filed a second application for relief, which this Court granted, reinstating the appeal on September 15, 2016. Appellant filed his brief on September 16, 2016.

whether the concise statements raise substantial questions regarding the sentences' impropriety under the Sentencing Code. *Id.* at 1042-43. Only if the appeals satisfy each of these four requirements may we proceed to decide the substantive merits of Appellant's claims. *Id.* at 1043.

Here, Appellant filed a timely notice of appeal in each case, included concise statements of the reasons relied upon for allowance of appeal in his briefs, and raised substantial questions. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013) ("arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 . . . present a substantial question"), *appeal denied*, 91 A.3d 161 (Pa. 2014); *Commonwealth v. Goggins*, 748 A.2d 721, 727-28 (Pa. Super.) (*en banc*) (claim that court imposed sentence without presentence report or other equivalent source of information presents substantial question), *appeal denied*, 759 A.2d 920 (Pa. 2000).[5]

_____

[5] In his Statement of Questions Involved in his brief filed in 3297 EDA 2015, Appellant claims that the trial court violated Pa.R.Crim.P. 702 by failing to order a presentence investigation report or conduct a comparable presentence inquiry. This claim is not mentioned in his concise statement in that brief. However, the Commonwealth does not object on this basis. Therefore, Appellant's failure to include the claim in his concise statement does not preclude this Court from reviewing it. *See Commonwealth v. Campion*, 672 A.2d 1328, 1334 (Pa. Super.) (where Commonwealth does not object to lack of a statement and where this Court's ability to review the merits of a claim is not precluded by the lack of a statement, we may consider the merits), *appeal denied*, 681 A.2d 1340 (Pa. 1996).

The Commonwealth argues, however, that Appellant failed to satisfy the second *Colon* requirement — preservation of his claims — because the claim raised in his motion to reconsider his sentence differed from the claims raised in the instant appeals. We agree. In his motion to reconsider his sentence, Appellant argued, "Considering Petitioner[']s age and family support, Your Honor abused your discretion when you sentenced Petitioner above the aggravated range of his sentence." Motion to Reconsider Sentence at ¶ 4. As this Court has explained, a claim "that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721" of the Sentencing Code, 42 Pa. C.S. § 9721, is different from a claim "that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721." *Dodge*, 77 A.3d at 1272 n.8. Although a claim that the trial court failed to consider the factors specified by the Legislature in Section 9721 raises a substantial question justifying allowance of an appeal, a claim that the court merely failed to consider facts of record does not. *See id.* Here, Appellant preserved only a claim that the trial court failed to consider facts of record; he did not preserve a claim that the court failed to comply with Section 9721. He therefore failed to preserve an issue on which we may exercise jurisdiction.

Nonetheless, even if Appellant had properly preserved his claim, he would not be entitled to relief. Sentencing is vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

absent a manifest abuse of discretion. ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014), ***appeal denied***, 117 A.3d 297 (Pa. 2015). An abuse of discretion is not merely an error in judgment. "Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** There is no showing of an abuse of discretion here.

At the outset, we note that although Appellant frames the issue in each of his briefs as a challenge to his "sentence of five to ten (5-10) years' incarceration followed by fifteen (15) years['] probation," ***see*** Appellant's 3297 Brief at 5; Appellant's 3298 Brief at 5, the only judgments of sentence at issue in these appeals are those relating to Appellant's convictions of robbery and conspiracy to commit robbery under the two docket numbers from which these appeals are taken. Appellant's aggregate sentence for those crimes was five to ten years' incarceration, followed by 10 years' probation. Appellant's references in his briefs to an aggregate term of 5-10 years' incarceration, followed by ***15*** years' probation relates to the total period of incarceration and probation for which he was sentenced under the two docket numbers at issue here and two additional docket numbers under which he was sentenced for other offenses on the same day (the sentences for stealing his aunt's car and for making the shank). ***See*** note 2, *supra.* Appellant's sentences under those other two docket numbers are not now

before us. We note, however, that our holding affirming Appellant's sentences would be the same even if Appellant's aggregate sentence for all crimes were at issue here.

A sentencing court must impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); *Commonwealth v. Walls*, 926 A.2d 957, 962 (Pa. 2007). This Court has explained:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004), *aff'd*, 891 A.2d 1265 (Pa. 2006); *see Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors"). This Court will not disturb the sentencing court's discretion where the sentencing court has been informed by a pre-sentence report and has demonstrated "any degree of awareness of the sentencing considerations." *Devers*, 546 A.2d at 18.

In his brief in No. 3297 EDA 2015, Appellant claims that the sentencing court abused its discretion by failing to order a pre-sentence investigation or conduct a comparable inquiry, as required by Pa.R.Crim.P. 702. Appellant's 3297 Brief at 12. The record reveals, however, that the trial court ordered and received a presentence investigation report before it sentenced Appellant. This claim therefore is meritless.

In both briefs, Appellant claims that the sentencing court abused its discretion by failing to consider all of the factors set forth in the Sentencing Code at 42 Pa.C.S. § 9721(b). Appellant's 3297 Brief at 12; Appellant's 3298 Brief at 12. In his brief at No. 3298 EDA 2015, Appellant implicitly acknowledges that there was a presentence investigation report, but contends that the sentencing court did not adequately address that report. Appellant's 3298 Brief at 14.[6]

We disagree. The trial court had the benefit of a presentence investigation report and demonstrated an awareness of the Section 9721(b)

---

[6] Appellant argues that in his case, as in *Commonwealth v. Jones*, 565 A.2d 732, 733 (Pa. 1989), the sentencing court erred by focusing nearly exclusively on the need to punish him and the harm he caused to his victims. Appellant's 3297 Brief at 8; Appellant's 3298 Brief at 7-8. In *Jones*, this Court, in an *unpublished* memorandum, held that the sentencing court had abused its discretion in imposing an excessive (50 to 100 year) sentence. *See Jones*, 565 A.2d at 733. However, the only issue addressed in the Supreme Court of Pennsylvania's opinion in *Jones* was its own jurisdiction to review this Court's unpublished decision. *Id.* The Court concluded that it lacked such jurisdiction. *Id.* at 735. We therefore find Appellant's reliance on *Jones* is misplaced.

factors in its remarks during sentencing. **See** N.T., 5/29/15, at 9-10 (citing protection of the public, gravity of the offense, and Appellant's need for rehabilitation). Under these circumstances, we presume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Devers**, 546 A.2d at 18. We therefore conclude that there was no abuse of discretion.

Judgment of sentence affirmed.

Judge Ott joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016