J-S23019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAMAL PADDY | : | |
| | : | |
| Appellant | : | No. 1369 EDA 2016 |

Appeal from the Judgment of Sentence Dated February 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012829-2008

BEFORE: OLSON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.: **FILED JUNE 23, 2017**

Appellant Kamal Paddy appeals from the judgment of sentence entered after he violated the terms of his probation. We affirm.

On July 28, 2009, following a bench trial, Appellant was found guilty of violating two provisions of the Uniform Firearms Act: carrying a firearm without a license, and carrying a firearm on public streets or public property in Philadelphia.[1] A pre-sentence investigation report ("PSI") was prepared prior to Appellant's sentencing hearing. For the first offense, Appellant was sentenced to two to four years' incarceration; for the latter offense, Appellant was sentenced to a consecutive term of five years' probation. The terms of Appellant's probation prohibited him from possessing a firearm. Appellant did not appeal his sentence.

---

[1] 18 Pa.C.S. §§ 6106, 6108.

Appellant was released on parole in September 2011. He completed the remainder of his two-to-four-year sentence on parole, and began serving probation. In May 2014, while Appellant was still on probation, he was involved in a shooting which resulted in a conviction and sentence at Docket No. CP-51-CR-0007886-2014 ("7886-14"). Video surveillance showed that Appellant was outside of a restaurant when someone shot at him; in response, Appellant retrieved a firearm from his waistband and returned fire on the open street. When police went to apprehend Appellant following the incident, Appellant fled and attempted to dispose of his firearm in a nearby alleyway while doing so. The sentence Appellant received on No. 7886-14, in June 2015, was an aggregate of three-and-a-half to seven years' incarceration followed by five years' probation. **See** Trial Ct. Op., 7/15/16, at 2-3.

Appellant's conviction and sentence at No. 7886-14 constituted a direct violation of the terms of his five-year probation in the instant case. A hearing regarding Appellant's violation of probation was held on February 22, 2016. Appellant did not request that the trial court prepare a new PSI prior to or during the proceeding, and none was prepared. The court reviewed the original case file prior to the hearing, the original sentencing guidelines, notes from Appellant's parole officer, and the sentencing memoranda prepared by the parties for the June 2015 sentencing at No. 7886-14. **See** N.T., 2/22/16, at 3.

At the hearing, the Commonwealth requested that Appellant's probation be revoked and that the court impose a sentence of two-and-a-half to five years' incarceration. The Commonwealth stressed that Appellant associated with gang members while he had been on both parole and probation, and that Appellant was present at an additional shooting, prior to the one which led to his most recent conviction. Appellant was described as a violent individual, the "muscle" for a criminal gang in South Philadelphia, and a danger to the community. *See* N.T. at 6-14.

Appellant's counsel requested a sentence of consecutive probation. He argued for leniency based on Appellant's two young children, his attendance at electrician classes, his completion of anger management and violence prevention classes, and his low IQ. Appellant's counsel stated that Appellant will live with his mother outside of South Philadelphia once he is paroled from his sentence at No. 7886-14. Appellant's counsel also stated that the Pennsylvania Board of Probation and Parole requested that Appellant be given credit for time served. *See* N.T. at 17-21.

Appellant exercised his right of allocution. He stressed that he completed his parole successfully without violations, and completed nearly a year of probation before the new criminal charges were filed against him. Appellant asserted that he should not be punished for the crimes of his associates, or for having been at the scene of the earlier shooting. He argued that when he did find himself present at the shooting, he cooperated

with law enforcement. Appellant also argued that during the shooting at No. 7886-14 he only returned fire out of self-defense, and that he accepted responsibility by pleading guilty to the resulting charges. Appellant apologized for placing the community in danger and stated that he has taken steps to improve himself since his original conviction in 2008. *See* N.T. at 21-27.

At the conclusion of the hearing, Appellant's probation was revoked and Appellant was sentenced to serve two-and-a-half to five years' incarceration, the statutory maximum for a first-degree misdemeanor.[2] Prior to imposing sentence, the court stated the following:

> All right. Taking into account everything that I have read in detail as I stated at the beginning of this hearing, taking into account what all the parties and the defendant has said, it is my fervent and only wish to keep Mr. Paddy alive and to keep innocent citizens of that part of the city alive.
>
> Mr. Paddy, I believe at this point you need more time to really understand the consequences of your actions. Believe me, if people are trying hard to do the right thing and if there's danger in the community, you can find ways to avoid those streets. By all accounts, you deliberately and intentionally put yourself in a situation where you were at risk and felt some reason to carry a gun which in my opinion means, that for whatever reason, you haven't learned your lesson. I don't want your life on my head. I don't want innocent citizen[s'] lives on my head. I think you need more time. For all these reasons, I revoke [your probation]. My sentence will be two and a half to five years to run consecutive to [No. 7886-14].

N.T. at 27-28.

---

[2] *See* 18 Pa.C.S. §§ 6119, 1104.

Appellant filed a motion to modify sentence, in which he requested that the court impose "a more lenient sanction due to [Appellant's] already lengthy incarceration, his ability for rehabilitation, his strong work ethic, acceptance of responsibility, and recommendation from state parole and probation that he receive time credit, which is not possible with a consecutive sentence." The motion was denied on February 23, 2016.

Following reinstatement of Appellant's direct appellate rights in April 2016 (resulting from a PCRA petition in which Appellant requested reinstatement of his right to appeal *nunc pro tunc*), Appellant filed a notice of appeal to this Court. In his Pa.R.A.P. 1925(b) statement, Appellant stated the following as the basis for this appeal:

> The court did not thoroughly consider petitioner's already lengthy incarceration and attempts at rehabilitation, strong work ethic, acceptance of responsibility at all junctures through a plea, his rehabilitative needs, age, [and] recommendation from both state parole and probation that he receive time credit, which is not possible with unduly harsh abuse of discretion through the consecutive sentence.

Rule 1925(b) Statement, 4/30/16.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained that it imposed sentence after considering the information emphasized by Appellant, and that Appellant's history belied his claims of rehabilitation and acceptance of responsibility. The court stated:

> After carefully considering the parties' respective arguments, this [c]ourt concluded that Appellant failed to show that he fully appreciated the gravity of his actions[;] if Appellant was sincere about rehabilitation he would not have deliberately put himself in

situations and locations where he felt it was necessary to carry a firearm.

Trial Ct. Op. at 4. The court noted that once Appellant was released on parole, he began to associate with gang members and made frequent postings on social media platforms regarding his affiliation with gang activity. *Id.* at 2-3 (citing the Commonwealth's sentencing memorandum).[3] Appellant "openly displayed his defiance and disdain for the justice system by warning people not to talk to police or testify against him." *Id.* at 5. The court also considered the behavior leading up to the original 2009 conviction, including arrests for firearms offenses dating to 2005, 2006, and 2008. *Id.* at 6. The court found that "Appellant's actions both before and after his 2009 conviction demonstrated that a concurrent sentence would be a manifestly insufficient response to his behavior." *Id.* The court imposed sentence after concluding, "in light of Appellant's blatant disregard for his probationary strictures, as well as his callous and cavalier attitude regarding violence and the safety of the public, that he presented a continued threat to the public at-large and his own life." *Id.* at 6.

Appellant has presented a single issue for our review: "Whether the Violation of Probation (VOP) court's sentence of two and a half to five (2.5-5) years of incarceration consecutive to an unrelated sentence violated

---

[3] For example, in February 2014, Appellant posted that his "[gun emoji] ain't broke;" after the shooting in May 2014, Appellant broadcast that his rivals should "[try] to hit [his] head" next time. Trial Ct. Op. at 2-3.

Pa.R.Crim.P. [] 702 and [42] Pa.C.S. § 9721(b), constituting an abuse of discretion?" Appellant's Brief at 5.

Before we reach the merits of Appellant's issue, we must determine whether the Pa.R.A.P. 2119(f) statement in his brief sets forth a question regarding the propriety of Appellant's sentence that is substantial enough to warrant our discretionary review. *See* 42 Pa.C.S. § 9781(b) (providing that this Court has discretion to allow an appeal of the discretionary aspects of a sentence only if the appeal presents a substantial question as to the sentence's propriety); *Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015).

In Appellant's Rule 2119(f) statement, he first asserts that his sentence is manifestly excessive because it was ordered to run "consecutive to an unrelated conviction where [A]ppellant plead guilty." Appellant's Brief at 7. "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citation omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014). To determine whether the imposition of consecutive sentences presents a substantial question, this Court decides "whether the decision to sentence consecutively raises the aggregate sentence to, what

appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Id.* at 1269 (citation omitted).[4]

Here, Appellant received a single sentence of two-and-a-half to five years of incarceration for violating his probation, to be served consecutively to a sentence of three-and-a-half to seven years of incarceration, which was imposed by a different judge for a new and separate crime. This does not, on its face, appear to be manifestly excessive, given the level of criminal conduct with which Appellant was involved: although Appellant was prohibited by the terms of his probation from possessing a firearm, Appellant not only did so, but used it to fire while on a public street and fled from the police when approached the following day. We therefore find that Appellant has failed to raise a substantial issue based on his receipt of a consecutive sentence.

---

[4] In *Dodge*, under the unique facts of that case, this Court held, "we find that [the defendant] has set forth a substantial question for our review with respect to the consecutive nature of his sentence." *Dodge*, 77 A.3d at 1273. The defendant in *Dodge* received consecutive sentences amounting to an aggregate imprisonment of 40 yrs. 7 mos. to 81 yrs. 2 mos. for "forty counts of receiving stolen property, two counts of burglary, two counts of criminal trespass, and one count each of possession of a small amount of marijuana, possession of drug paraphernalia, and unauthorized use of a motor vehicle. These convictions arose after Pennsylvania State Police attempted to interview Appellant at his [trailer] about an automobile accident," and discovered stolen items, contraband, and lock-picking equipment. *Id.* at 1267. Although we found the trial court's sentence sufficiently facially excessive to warrant our review, we ultimately affirmed the sentence. *Id.* at 1278.

Next, Appellant argues that the court did not impose a sentence individualized to him, and did not consider all of the factors required by 42 Pa.C.S. § 9721(b).[5] **See** Appellant's Brief at 7 (citing ***Commonwealth v. Boyer***, 856 A.2d 149, 153 (Pa. Super. 2004), ***Commonwealth v. Walls***, 846 A.2d 152 (Pa. Super. 2004), ***vacated***, 926 A.2d 957 (Pa. 2007), and ***Commonwealth v. Jones***, 565 A.2d 732, 733 (Pa. Super. 1989)). Appellant complains that the court considered only Appellant's negative behavior and the Commonwealth's sentencing recommendations, without regard for Appellant's "background, remorse, acceptance of responsibility, and whether Appellant could be rehabilitated"; Appellant adds that he "went two years without violation, completing his parole," and "was also trying to better himself by taking classes at the Kaplan institute for electrician training." Appellant's Brief at 7.

Appellant's argument is misplaced. The sentencing factors set forth in Section 9721(b) are not applicable to a resentencing upon a revocation of probation. The Pennsylvania Supreme Court has explained:

> [W]hen a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence[,] . . . contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section

---

[5] Under Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. *See Commonwealth v. Reaves*, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa. Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

*Commonwealth v. Pasture*, 107 A.3d 21, 27-28 (Pa. 2014) (footnote omitted). Appellant was sentenced below the statutory maximum, after the court found that Appellant had been convicted of another crime. Appellant has therefore failed to show that his sentence is inappropriate under an applicable provision of the Sentencing Code.

Finally, Appellant argues that the court violated Pa.R.Crim.P. 702[6] by not ordering a PSI or conducting a comparable inquiry into Appellant's background during the sentencing proceeding. *See* Appellant's Brief at 7 (citing *Commonwealth v. Flowers*, 950 A.2d 330 (Pa. Super. 2008)). We find that this last issue has been waived by Appellant's failure to raise it with the trial court. Appellant did not (1) request that the court order a second PSI prior to sentencing on the violation of probation, (2) object to proceeding with the sentencing hearing without one, (3) object during the hearing that the court was inadequately equipped with information regarding Appellant's background to impose sentence, or (4) assert any like issue in his post-sentence motion. Therefore, this issue has been waived, and we shall not consider it. *See* Pa.R.A.P. 302 (issues not raised before the trial court may not be raised for the first time on appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017

---

[6] Under Rule 702, the trial court has discretion to order a PSI, which "shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence." When the court opts to forego ordering a report, the sentencing judge must place the reasons for doing so on the record.