587 A.2d 732

**COMMONWEALTH of Pennsylvania**

**v.**

**Larry McFARLIN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1990.

Filed March 7, 1991.

Vincent J. Quinn, Chief Public Defender, Lancaster, for appellant.

Brian E. Chudzik, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH, ROWLEY, WIEAND, McEWEN, OLSZEWSKI, DEL SOLE, BECK and TAMILIA, JJ.

OLSZEWSKI, Judge:

This appeal challenging the discretionary aspects of appellant's sentence requires us to determine whether 42 Pa.C.S.A. § 9781(b) violates the right of appeal guaranteed by Article V, Section 9 of the Pennsylvania Constitution. We have reviewed appellant's Rule 2119(f) statement and find that it does not raise a substantial question as to the appropriateness of the sentence imposed. Further, we hold that § 9781(b) is a reasonable regulation upon the right to appeal, and so does not violate the Pennsylvania Constitution. We affirm judgment of sentence.

Over a two-month period, Larry McFarlin wrote seventy-five checks to various merchants. Unfortunately, the account upon which the checks were drawn had been closed; McFarlin was aware of this when he wrote the checks.

McFarlin pled guilty to seventy-five counts of theft by deception and two counts of conspiracy to commit theft by deception.[1] Following a guilty plea to all counts and a pre-sentence investigation, McFarlin was sentenced to a period of incarceration of one and one-half to five years. McFarlin was also sentenced to consecutive and concurrent probation periods totaling seventeen years, subjecting him to supervision for up to twenty-two years. McFarlin was fined $500.00 and ordered to pay restitution in the amount of $8,058.70. A motion to modify sentence was filed and dismissed; this timely appeal followed.

McFarlin's appeal contains a Rule 2119(f) statement as well as asserting that we should consider his challenge to the discretionary aspects of his sentence should we find that the statement does not present a substantial question as to the appropriateness of the sentence imposed. It is well settled that constitutional questions will not be addressed unless absolutely necessary. *Krenzelak v. Krenzelak*, 503 Pa. 373, 381, 469 A.2d 987, 991 (1983) (citation omitted). Accordingly, we will first examine the sufficiency of McFarlin's Rule 2119(f) statement.

McFarlin's statement enumerates the numbers of counts to which he pled guilty and categorizes those counts as twenty-two first-degree misdemeanors, forty-two second-degree misdemeanors and five third-degree misdemeanors. The statement also lists the incarceration and probation to which McFarlin was sentenced. McFarlin claims the sentence imposed is not appropriate under the Sentencing Code (42 Pa.C.S.A. § 9701 *et seq.*) as it is manifestly excessive. McFarlin notes that all of his crimes were misdemeanors; his prior criminal record is one incident involving aggravated assault and terroristic threats; and the total supervision imposed is more than four times greater than the maximum sentence which could have been imposed for any single one of the offenses to which he pled guilty. McFarlin also

1. The checking account had belonged to McFarlin and his wife. McFarlin's wife was his co-conspirator.

asserts that the offenses committed were the product of his drug and alcohol abuse. (Appellant's brief, page 12.)

The determination of whether a Rule 2119(f) statement raises a substantial question must be made on a case-by-case basis. *Commonwealth v. Losch*, 369 Pa.Super. 192, 201, n. 7, 535 A.2d 115, 119, n. 1 (1987) (citations omitted). This Court will be inclined to examine the discretionary aspects of an appellant's sentence where the statement "advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code, or 2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted).

McFarlin has not advanced a colorable argument that the sentence imposed violates any specific provision of the Sentencing Code; in fact, McFarlin makes no mention of any specific provision of the Code. Nor has McFarlin specified any deviation from the fundamental norms underlying the sentencing process as outlined in 42 Pa.C.S.A. § 9721(b).[2] McFarlin's arguments that his crimes were relatively minor, that his prior criminal record is insignificant, and that his dependency induced his crimes, without more, do not raise a substantial question. *Commonwealth v. Hall*, 382 Pa.Super. 6, 16–17, 554 A.2d 919, 924 (1989) *alloc. denied*, 525 Pa. 577, 575 A.2d 109 (1990). Accordingly, having determined that McFarlin's Rule 2119(f) statement is insufficient under § 9781(b), we examine the constitutionality of that section.

Certain principles apply to any challenge to the constitutionality of a statute. An act of the General Assembly carries a strong presumption of constitutionality; a party seeking to rebut that presumption bears a heavy burden of persuasion. *Consumer Party v. Commonwealth*, 510 Pa. 158, 175–76, 507 A.2d 323, 331–32 (1986)

---

2. The trial judge considered the sentencing guidelines promulgated pursuant to § 9721(b) before imposing sentence. (Trial court opinion at 4, N.T. 11/2/89 at 9.) McFarlin's statement makes no mention of the sentencing guidelines.

(citations omitted). *See also,* 1 Pa.C.S.A. § 1922(3). "Legislation will not be invalidated unless it clearly, palpably, and plainly violates the Constitution, and any doubts are to be resolved in favor of a finding of constitutionality." *Id.,* (*quoting, Pennsylvania Liquor Control Board v. The Spa Athletic Club,* 506 Pa. 364, 370, 485 A.2d 732, 735 (1984)). When reviewing a statute, a court must exercise every reasonable effort to uphold its provisions. *Tracy v. Chester County Tax Claim Bureau,* 507 Pa. 288, 296, n. 2, 489 A.2d 1334, 1339, n. 2 (1985). With these precepts in mind, we consider McFarlin's claim.

The Pennsylvania Constitution guarantees a right of appeal from a court of record:

> There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court as to be provided by law; and there shall be such other rights of appeal as may be provided by law.

PA. CONST. art. V, § 9. The Judicial Code provides the procedure for exercising this right when the issue on appeal is the discretionary aspects of the sentence imposed following criminal proceedings:

> The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or misdemeanor to the appellate court that has jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S.A. § 9781(b). Focusing on the phrases "allowance of appeal" and "granted at the discretion of the appellate court," McFarlin argues that this section, in effect, renders this type of appeal discretionary in violation of the constitutional right to appeal. We do not agree.

■ We recognize that this right has been construed as absolute. *Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980). We are also aware that § 9781(b) has been construed as a limitation upon that right. *Commonwealth v. Jones*, 523 Pa. 138, 142–43, 565 A.2d 732, 734 (1989); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 513, 522 A.2d 17, 19–20 (1987). Nonetheless, the existence of an absolute right to appeal does not, in and of itself, render all limitations governing the exercise of that right unconstitutional.[3] It has long been the law that both the legislature and the courts have the authority to enact reasonable regulations controlling the exercise of the constitutional right of appeal. *Sayres v. Commonwealth*, 88 Pa. 291, 306–08 (1879). All regulations are, to some extent, limitations. If the limitation imposed by § 9781(b) is a reasonable control of the exercise of the right to appeal, it is constitutionally valid.

■ We hold today that § 9781(b) is a reasonable regulation of the right to appeal. The section only applies where an accused appeals the discretionary aspects of his sentence; it imposes no burden on an accused asserting other errors by the trial court. The discretionary aspects of a sentence are normally left undisturbed on appeal as the trial court is in a more advantageous position to weigh the factors appropriate to determining sentence. *Commonwealth v. Martin*, 466 Pa. 118, 131, 351 A.2d 650, 657 (1976). Only if the trial court manifestly abuses its discretion will the sentence be disturbed. *Commonwealth v. Plank*, 498 Pa. 144, 145, 445 A.2d 491, 492 (1982) (citation omitted). Abuse of discretion consists of overlooking pertinent facts, disregarding the force of the evidence, committing an error of law, or imposing a sentence which exceeds the statutory maximum. *Commonwealth v. Townsend*, 497 Pa. 604, 606–07, 443 A.2d 1139, 1140 (1982) (*quoting, Common-*

3. We note in passing that, while not at issue here, the Pennsylvania Constitution itself provides for the promulgation of rules governing the practice, procedure, and conduct of courts so long as these rules do not abridge, enlarge, or modify the substantive rights of litigants. PA. CONST. art. V, § 10(c).

*wealth v. Edrington,* 490 Pa. 251, 255–56, 416 A.2d 455, 457 (1980)). In effect, § 9781(b) merely requires an accused to indicate how the trial court possibly abused its discretion before the appellate court will consider the merits of his contentions as to the discretionary aspects of his sentence.

■ Unless a trial court has abused its discretion, the discretionary aspects of a sentence will remain undisturbed on appeal.[4] If an accused can point to a possible abuse by the trial court, a substantial question exists entitling him to review. Absent such an abuse by the trial court, the defendant's appeal is meritless. Section 9781(b) acts as a threshold burden which a defendant must meet. *Commonwealth v. Chilcote,* 396 Pa.Super. 106, 120, 578 A.2d 429, 436 (1990).[5] Adoption of McFarlin's contention would inundate the appellate courts; criminal defendants would automatically appeal the discretionary aspects of every sentence imposed. This Court would be required to consider the merits of every such challenge no matter how obviously meritless.

Nor are we persuaded by the dissent's claim that the practical application of the substantial question requirement has led to dubious standards and inconsistent results. It is

4. The dissent argues that the discretionary sentencing power is one of the most easily abused powers and, therefore, an appeal of every discretionary aspect of a sentence is required to insure that no such abuse occurs. (Dissent at 738–39.) While we do not agree that our trial court brethren are likely to engage in wholesale abuse of their powers, we must emphasize that the discretionary aspects of a sentence are just that: entrusted to the discretion of the trial judge. Reversal is indicated only where there has been a manifest abuse of discretion. *Plank, supra.* We fail to see how an examination of every discretionary sentence will curb the looming spectre of abuse the dissent fears. If a manifest abuse of discretion is present, substantial grounds exist. If not, an examination of the merits will not result in reversal. Examination of all discretionary sentence abuse claims will only result in more control of the trial courts if it is accompanied by a change in the standard of review.

5. It is also argued that compliance with § 9781(b) and Rule 2119(f) complicates the appellate process by adding an additional analytical tier to an attack upon the discretionary aspects of a sentence. *Chilcote, supra* 396 Pa.Super. at 130–31, 578 A.2d at 441 (Popovich, J., concurring). We believe the opposite to be true. Rather than complicating the process, the threshold burden streamlines that process.

a given that evaluation of what constitutes a substantial question is performed on a case-by-case basis. *Losch, supra* 369 Pa.Super. at 201 n. 7, 535 A.2d at 119 n. 7; *Commonwealth v. Semuta*, 386 Pa.Super. 254, 260, 562 A.2d 894, 897 (citation omitted) *alloc. denied*, 524 Pa. 596, 568 A.2d 1246 (1989). It is unavoidable that any rule calling for an evaluation on a case-by-case basis will result in close decisions where the opposite conclusion could be justified. That does not make the standard dubious, nor the results inconsistent.

We recognize that McFarlin's position has some logical appeal. This Court, however, is obligated to pursue every possible avenue to validate a statutory provision due to the heavy presumption of constitutionality which attaches to such provisions. We cannot say that the operation of § 9781(b) clearly, plainly and palpably violates the constitution, despite the phrases "allowance of appeal" and "granted at the discretion of the court" which it contains. Therefore, we hold that 42 Pa.C.S.A. § 9781(b) is a reasonable regulation of the exercise of the right to appeal; as such, it does not violate Article V, Section 9, of the Pennsylvania Constitution.

Petition for allowance of appeal denied; judgment of sentence affirmed.

DEL SOLE, J., files a dissenting opinion in which WIEAND and BECK, JJ., join.

McEWEN, J., concurs in the result.

DEL SOLE, Judge, dissenting:

Because my review of the constitutional question raised by Appellant demands the conclusion that Section 9781(b) of the Sentencing Code, 42 Pa.C.S.A., contravenes the right of appeal guaranteed by Article V, Section 9 of the Pennsylvania Constitution, I am compelled to write this dissent.

Article V, Section 9 of the Pennsylvania Constitution, provides.

## § 9 Right of appeal

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

In construing this provision the Supreme Court of Pennsylvania has stated that, "an accused has an absolute right to appeal." *Commonwealth v. Wilkerson*, 490 Pa. 296, 416 A.2d 477, 479 (1980).

Section 9781(b), which allows for the "grant" of an allowance of appeal at the appellate court's discretion where a substantial question exists concerning the appropriateness of the sentence which was imposed, curtails a defendant's absolute right to appeal. As our supreme court recognized in *Commonwealth v. Jones*, 523 Pa. 138, 142–143, 565 A.2d 732, 734 (1989), "Section 9781(b) provides the defendant or the Commonwealth with only a limited appeal in an attack upon the discretionary aspects of a legal sentence...." It has also been noted that in accordance with Section 9781(b) "[t]he appearance of a substantial question determines whether this court *may* grant allowance of appeal of the discretionary aspects of sentence, while the sound discretion of the court determines whether the court *will* grant review." *Commonwealth v. McLaughlin*, 393 Pa.Super. 277, 292, 574 A.2d 610, 618 (1990). The limitation this section plays upon a defendant's appellate rights was noted in *Commonwealth v. Tuladziecki, supra.* Commenting on this court's prior practice of reviewing the argument on the merits of a sentencing issue without making a prior determination of whether a substantial question was raised so as to "allow the appeal," the court stated: "If this determination is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, the [Appellant] has in effect obtained an appeal as of right from the discretionary aspects of sentencing." *Tuladziecki, supra.*, 513 Pa. at 513, 522 A.2d at 19–20.

An appeal as of right is, however, what our constitution guarantees. The Pennsylvania Constitution provides an accused such as Appellant with a right to appeal even if the only matter sought to be reviewed is the discretionary aspects of the defendant's sentence. The Constitution does not limit this right, therefore, it cannot be limited by any provision of the Sentencing Code.

The Majority concedes that the right to appeal has been construed as absolute, and it suggests that Section 9781(b) acts only as a constitutionally valid limitation on that right. (Majority opinion at 735.) Although it has been stated that "this constitutional right to appellate review is a personal right which may be relinquished only through a knowing, voluntary and intelligent waiver," *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984), Section 9781(b) does not concern waiver by an appellant. The constitution provides a defendant in a criminal proceeding with a right to have all matters reviewed which have been properly preserved at the trial court level. *Commonwealth v. Barnes*, 388 Pa.Super. 327, 333, 565 A.2d 777, 780 (1989) (Del Sole, J., concurring). Unlike established rules concerning the methods and manner for perfecting an appeal which a defendant can chose to obey or ignore jeopardizing his or her appellate rights, Section 9781(b) grants the appellate court the authority to determine whether a particular sentencing matter is worthy of an appeal regardless of the action or inaction taken by the defendant. A defendant who deliberately chooses to bypass the orderly procedures for challenging the court's judgment which are afforded to a person convicted of a crime, and thereby fails to properly preserve a matter for appeal, will have voluntarily relinquished or waived the right to appeal. Nevertheless, it remains the appellant's choice whether to relinquish or waive that right. Section 9781(b) acts as a barrier preventing appellants from exercising that right. Instead it places upon the appellate court the ability to accept or reject an appeal which is timely filed raising issues concerning sen-

tencing which have been properly preserved at both the trial and appellate levels.

The superior court's decision to dismiss such an appeal leaves an appellant without recourse. An appeal to the supreme court from such a decision is not allowed, leaving the superior court's decision unchecked. This limitation on review is set forth in 42 Pa.C.S.A. § 9781(f). It provides:

> **Limitation on additional appellate review.**—No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals.

42 Pa.C.S.A. § 9781(f)

Accordingly, the superior court's discretionary decision to disallow an appeal can not be reviewed, and an abuse of that discretion cannot be remedied.

The removal of the "right" to ensure that a defendant's sentence is reviewable is particularly disturbing when one examines the decisions of this court which have determined whether to allow an appeal. Widely divergent and inconsistent views of what constitutes a substantial question have arisen resulting in nonuniform treatment of a defendant's ability to appeal a sentencing matter. *See Commonwealth v. Ziegler,* 379 Pa.Super. 515, 550 A.2d 567 (1988) (appellant must include in his Rule 2119(f) statement the crime for which he was convicted); *Commonwealth v. Cummings,* 368 Pa.Super. 341, 534 A.2d 114 (1987) (an appellant must include in his Rule 2119(f) statement the crime for which he was convicted and the length of the sentence imposed in order to warrant our review of the discretionary aspects of sentencing). *Also compare Commonwealth v. Ousley,* 392 Pa.Super. 549, 573 A.2d 599 (1990) (claim that sentence exceeded guideline recommended aggravated sentence did not raise a substantial question) with *Commonwealth v. Burdge,* 386 Pa.Super. 194, 562 A.2d 864 (1989) (claim that sentence considerably exceeded recommended aggravated sentence raised a substantial question). As an examination of the caselaw will indicate the practical application of the requirements of Section

9781(b) and Pa.R.App.P. 2119(f) has led to the creation of dubious standards, and allowed for inconsistent results. It also has unnecessarily burdened this court as noted by Judge Popovich in his Concurring Opinion in *Commonwealth v. Chilcote*, 396 Pa.Super. 106, 578 A:2d 429 (1990):

> I am ... convinced that the compliance with the requirements of ... [Rule 2119(f) ] ... wastes valuable judicial resources by adding an additional tier to our analysis of a defendant's attack on the discretionary aspects of his sentence. (footnote omitted)

396 Pa.Super. at 131, 578 A.2d at 441.

To uphold the validity of this provision of the Sentencing Code and disregard the mandates of our Constitution will complicate the appellate process and, more importantly, potentially provide unfair treatment to those seeking review of their sentences.

> The constitution guarantee of review is particularly vital with regard to sentencing matters.

> A defendant's ability to have his or her sentence reviewed by an appellate court operates as a necessary check to ensure that an appropriate punishment has been issued.

*Barnes, supra,* 388 Pa.Superior Ct. 333, 565 A.2d at 780. (Del Sole, J. concurring).

Pennsylvania's procedure of indeterminate sentencing, "necessitates the granting of broad discretion to the trial judge, who must determine, among the sentencing alternatives and the range of permissible penalties, the proper sentence to be imposed." *Commonwealth v. Martin*, 466 Pa. 118, 130, 351 A.2d 650 (1976). The Supreme Court of Pennsylvania has stated that the importance of this discretionary power cannot be overemphasized, and has examined its role and its potential for abuse in *Martin, supra.* In this regard the supreme court has stated:

> [M]any commentators argue that it is one of the most important, and most easily abused powers vested in the trial court today. In *United States v. Waters*, [citation omitted], Judge Wilkey, speaking for the court, stated:

> > What happens to an offender after conviction is the least understood, the most fraught with irrational dis-

crepancies, and the most in need of improvement of any phase in our criminal justice system.

It is true that the sentence imposed is normally left undisturbed on appeal because the trial court is in a far better position to weigh the factors involved in such a determination. However, we have held that the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information.

466 Pa. at 131–132, 351 A.2d at 657 (footnotes omitted.)

Thus, the important power held by those who impose a discretionary sentence is a power which must be exercised within limits. As a check on those limits the citizens of this Commonwealth have been provided with the constitutional provision found in Article V, Section 9, which ensures that a defendant has a right to appeal. Section 9781(b) of the Sentencing Code eliminates that right, and instead gives the reviewing court the power to "grant" or "allow" appeal, in its discretion, when the discretionary aspects of a sentence are challenged.

Footnote four of the Majority Opinion clearly illustrates how the Majority misses the point of the argument in this case. The question is not whether trial courts will or will not abuse their discretion. We assume members of the bench of this Commonwealth will exercise their duty in accordance with the high standards for which they are known, however we must recognize that mistakes do occur and appellate courts exist to remedy such situations. The real issue is the legislative attempt to permit our court to exercise our discretion to limit review. This discretionary action, which is not subject to review, prohibits what our own constitution guarantees—the right to appeal.

The Commonwealth argues that the decision of the Supreme Court in *Tuladziecki, supra,* impliedly upheld the constitutionality of Section 9781(b). I do not agree; rather, that issue was never presented to the Court. The Petition for Allowance of Appeal before the supreme court raised two questions:

I. Did the Superior Court err in entertaining the Commonwealth's appeal where the Commonwealth failed to demonstrate a substantial question concerning the propriety of the sentence imposed?

II. Did the Superior court err in reversing the Judgement of sentence of the Trial Court upon determining that the sentence imposed was unreasonable?

650 W.D. Allocatur Docket, 1985.

Allocatur was granted solely to determine these questions. At no time was the constitutionality of Section 9781(b) raised or considered. The supreme court has identified as a "well-settled principle" that it "should not decide a constitutional question unless absolutely required to do so." *Krenzelak v. Krenzelak,* 503 Pa. 373, 381, 469 A.2d 987, 991 (1983). The constitutional question was not raised and not preserved for review in *Tuladziecki* and was not necessary to the court's decision. Because constitutional questions are not to be anticipated, I have no hesitancy in rejecting the view that the issue has been decided by implication.

By my decision I would expressly overrule two prior decisions of this court, *Commonwealth v. Smith,* 394 Pa. Super. 164, 575 A.2d 150 (1990) and *Commonwealth v. Chilcote,* 396 Pa.Super. 106, 578 A.2d 429 (1990). In these cases the panels held that the limitation placed on appellate review of sentencing by Section 9781(b) is *de minimis* and that a threshold burden requiring this Court to exercise its discretion in deciding whether to review a discretionary sentencing question is constitutionally acceptable. As I have stated, I do not agree that this or any limitation placed on a person's right to appeal can withstand analysis under Article V, Section 9. While I agree that a person may waive their right to appeal by their own action, I reject the concept that the right may be eliminated by statute. Instead I agree with our distinguished colleague, Judge Zoran Popovich, who stated in his concurring opinion in *Chilcote,* "§ 9781(b) violates the absolute right of a defendant to appeal his sentence." *Commonwealth v. Chilcote, supra* 396 Pa.Super. at 130, 578 A.2d at 441.

Although I would hold that Section 9781(b) violates the Pennsylvania Constitution, and would therefore necessarily review Appellant's claim, I would ultimately conclude, after a review of the record, that the trial court did not abuse its discretion in imposing sentence.

WIEAND and BECK, JJ., join.

McEWEN, J., concurs in the result.