J-S22004-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERRY LEE RITCHEY, JR., | : | |
| | : | |
| Appellant | : | No. 96 WDA 2014 |

Appeal from the Judgment of Sentence December 10, 2013,
in the Court of Common Pleas of Venango County,
Criminal Division, at No(s): CP-61-CR-0000029-2012

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JUNE 17, 2015**

I join the majority memorandum which affirms the judgment of
sentence, except for two areas of disagreement noted below.

First, with respect to footnote 1 in the majority memorandum, the
majority opines that the Wiretap Act permits any Court of Common Pleas to
authorize a warrant under the Wiretap Act regardless of where the crime or
crimes are occurring.  I believe this is an incorrect statement of the law.

> It is a fundamental precept of law that "'the court has no
> jurisdiction of the offense unless it occurred within the county of
> trial ...'" The locus of a crime is always in issue, because the
> court has no jurisdiction over an offense unless it occurred within
> the county of trial or unless, by some statute, it need not. For a
> county to take jurisdiction over a criminal case, some overt act
> involved in that crime must have occurred within that county.
> Moreover, in order to base jurisdiction on an overt act, the act
> must have been essential to the crime[;] an act which is merely
> incidental to the crime is not sufficient. We must also look to the
> nature of the offense and the elements thereof to determine

---

*Retired Senior Judge assigned to the Superior Court.

whether the crime was sufficiently related to the locus where the defendant is being prosecuted.

*Commonwealth v. Webster*, 681 A.2d 806, 808-09 (Pa. Super. 1996) (quoting *Commonwealth v. McPhail*, 631 A.2d 1305, 1311 (Pa. Super. 1993) (citations omitted)). Accordingly, I disagree with the sentiment expressed in the second part of footnote 1. Not only is the majority incorrect, but there is no reason to reach this issue. It is pure dictum.

Additionally, with respect to Ritchey's sentence, I reiterate my disagreement with our standard of review in cases involving the discretionary aspects of sentencing. *See Commonwealth v. Zirkle*, 107 A.3d 127 (Pa. Super. 2014) (Strassburger, J. concurring).

> My concern is not with the trial court's exercise of discretion in [appellant's] case, but with the fact that our review of a trial court's sentencing discretion in general, and its decision to impose consecutive or concurrent sentences in particular, is treated differently than our review of any other exercise of a trial court's discretion.
>
> The abuse-of-discretion standard is applied by this Court in reviewing trial courts' exercises of discretion on issues from the continuance of trial, *Commonwealth v. Antidormi*, 84 A.3d 736, 745 (Pa. Super. 2014); to the withdrawal of a plea, *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013); to the reception of evidence, *Commonwealth v. Akbar*, 91 A.3d 227, 235 (Pa. Super. 2014); to the weight of the evidence, *Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014). Thus, this Court is quite practiced in determining whether an appellant established that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Raven*, 97 A.3d

1244, 1253 (Pa. Super. 2014) (quoting **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006)).

There is no sound reason why, in reviewing a trial court's decision to impose consecutive sentences, we do not consider whether the record establishes any of these signs of discretionary abuse, but instead must focus on the procedural hurdles of Rule 2119(f) and the amorphous and inconsistent categorization of an issue as one that does or does not raise a substantial question. **See**, **e.g.**, **Commonwealth v. Chilcote**, 578 A.2d 429, 441 (Pa. Super. 1990) (Popovich, J., concurring) ("[C]ompliance with the requirements of [Rule 2119(f)] wastes valuable judicial resources by adding an additional tier to our analysis of a defendant's attack on the discretionary aspects of his sentence…."); **Commonwealth v. McFarlin**, 587 A.2d 732, 738 (Pa. Super. 1991) (*en banc*) (Del Sole, J., dissenting) ("Widely divergent and inconsistent views of what constitutes a substantial question have arisen resulting in nonuniform treatment of a defendant's ability to appeal a sentencing matter.").

Indeed, not only is the disparate treatment of sentencing discretion unwarranted and unreasonable, it is also at odds with our Constitution. Under Article V, Section 9 of the Pennsylvania Constitution, "an accused has an absolute right to appeal." **Commonwealth v. Franklin**, 823 A.2d 906, 908 (Pa. Super. 2003) (quoting **Commonwealth v. Wilkerson**, 416 A.2d 477, 479 (Pa. 1980)). However, under 42 Pa.C.S. § 9781 and Pa.R.A.P. 2119(f), this Court is permitted to grant allowance of appeal to review the discretionary aspects of a sentence only if we, in our discretion, find that the appellant filed the appropriate statement raising "a substantial question that the sentence imposed is not appropriate" under the Sentencing Code. 42 Pa.C.S. § 9781(b). Further, this Court's exercise of discretion in ruling on the discretionary aspects of a sentence is unreviewable. 42 Pa.C.S. § 9781(d) ("No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals."). Therefore, under Section 9781, this Court has complete, unreviewable discretion to deny a criminal defendant his or her right to an appeal the discretionary aspects of a sentence.

Section 9781(b) clearly infringes upon a defendant's absolute right to an appeal. While I acknowledge that an *en banc* panel of this Court has held that the infringement is a reasonable regulation of the right to an appeal, **McFarlin**, 587 A.2d at 736, I agree with the thoughtful analysis of this issue of the Honorable Joseph A. Del Sole and his conclusion that the statutory limitations placed upon a criminal defendant's right to an appeal the discretionary aspects of his or her sentence are unconstitutional:

Pennsylvania's procedure of indeterminate sentencing, "necessitates the granting of broad discretion to the trial judge, who must determine, among the sentencing alternatives and the range of permissible penalties, the proper sentence to be imposed." **Commonwealth v. Martin**, [], 351 A.2d 650 (1976). The Supreme Court of Pennsylvania has stated that the importance of this discretionary power cannot be overemphasized, and has examined its role and its potential for abuse in **Martin**, *supra*. In this regard the [S]upreme [C]ourt has stated:

[M]any commentators argue that it is one of the most important, and most easily abused powers vested in the trial court today. In **United States v. Waters**, [citation omitted], Judge Wilkey, speaking for the court, stated:

What happens to an offender after conviction is the least understood, the most fraught with irrational discrepancies, and the most in need of improvement of any phase in our criminal justice system.

It is true that the sentence imposed is normally left undisturbed on appeal because the trial court is in a far better

position to weigh the factors involved in such a determination. However, we have held that the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information.

[*Martin*,] 351 A.2d at 657 (footnotes omitted.)

Thus, the important power held by those who impose a discretionary sentence is a power which must be exercised within limits. As a check on those limits the citizens of this Commonwealth have been provided with the constitutional provision found in Article V, Section 9, which ensures that a defendant has a right to appeal. Section 9781(b) of the Sentencing Code eliminates that right, and instead gives the reviewing court the power to "grant" or "allow" appeal, in its discretion, when the discretionary aspects of a sentence are challenged.

… The question is not whether trial courts will or will not abuse their discretion. We assume members of the bench of this Commonwealth will exercise their duty in accordance with the high standards for which they are known, however we must recognize that mistakes do occur and appellate courts exist to remedy such situations. The real issue is the legislative attempt to permit our [C]ourt to exercise our discretion to limit review. This discretionary action, which is not subject to review, prohibits what our own constitution guarantees—the right to appeal.

* * *

… I do not agree that [] any limitation placed on a person's right to appeal can withstand analysis under Article V, Section 9. While I agree that a person may waive [his or her] right to appeal by [his or her] own action, I reject the concept that the right may be eliminated by statute. Instead I agree with

> our distinguished colleague, Judge Zoran Popovich, who stated in his concurring opinion in ***Chilcote***, "§ 9781(b) violates the absolute right of a defendant to appeal his sentence." [***Chilcote***, 578 A.2d at 441].

***McFarlin***, 587 A.2d at 738-39 (Del Sole, J., dissenting).

> Accordingly, I am of the opinion that every criminal defendant, who preserves the issue for appeal, has the constitutional right to have this Court decide the merits of a claim that the sentencing court abused its discretion in imposing consecutive rather than concurrent sentences.

***Zirkle***, 107 A.3d at 134-136.

Instantly, if Ritchey's sentences had been ordered to run concurrently, he would have received an aggregate sentence of 16 to 32 months of incarceration. Instead, he was given all consecutive sentences, for an aggregate judgment of sentence of 96 to 192 months of incarceration. We presently affirm that judgment of sentence, without reaching the merits of his claim, because, correctly applying the controlling case law, we hold that Ritchey's aggregate sentence is not manifestly excessive and thus he failed to raise a substantial question. Accordingly, whether he was ordered to spend a minimum of 16 or 96 months in prison, or any amount in between, Ritchey is unable to have an appellate court even review the trial court's exercise of discretion. Under the current state of the law, the trial judge had absolute, unassailable discretion to order a term of incarceration that differed by a factor of six.