J-S01045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YVONNE LOMAX | : | |
| | : | |
| Appellant | : | No. 926 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002037-2021

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED: JUNE 6, 2023**

Appellant, Yvonne Lomax, appeals judgments of sentence imposed by the Erie County Court of Common Pleas after she entered a guilty plea to corruption of minors and simple assault. On direct review *nunc pro tunc*, Appellant challenges the discretionary aspects of her sentence. Upon review, we affirm.

On January 7, 2022, Appellant pleaded guilty to the above charges in exchange for the Commonwealth's agreement to *nolle prosse* additional charges for criminal trespass, recklessly endangering another person, harassment, burglary, and a second count of corruption of minors. N.T. 1/7/22, 4-6; Statement of Understanding of Rights, 1/7/22, ¶ 5; Disposition/Commitment Form, 1/6/22, 1-2; Bills of Information 9/23/21, 1-

_____

* Retired Senior Judge assigned to the Superior Court.

3. Appellant agreed that the factual basis for her plea involved her breaking into a home of a woman named Carolyn Williams, in the 1200 block of East 28th Street, in the City of Erie, on July 12, 2021, while in the presence of two of her minor children, and striking Ms. Williams in her face with a closed fist while Ms. Williams was in the presence of her six-month-old child. N.T. 1/7/22, 6-7.

On March 11, 2022, the plea court imposed concurrent terms, at the bottom of the standard range recommended by the Sentencing Guidelines, including nine to twenty-three months' imprisonment, to be followed by two years' probation, for corruption of minors, and six to twelve months' imprisonment for simple assault.[1] Sentencing Order, 3/11/22, 1; N.T. 3/11/22, 8. Prior to imposing the sentence, the court noted that it considered the statements of the parties, in addition to Appellant's "age, background, criminal record, character, rehabilitative needs, nature, circumstances, and seriousness of the offense, the protection of the community, sentencing guidelines, impact of the crime on the victim, and the pre-sentence report." N.T. 3/11/22, 8.

---

[1] The Sentencing Guidelines assigned offense gravity scores of four for corruption of minors and three for simple assault. 204 Pa. Code § 303.15 (Offense List, 7th ed., amend. 6). Appellant's guideline sentencing forms indicated that she had a prior record score of five. Guideline Sentencing Forms, 3/14/22, 1. Accordingly, the Sentencing Guidelines recommended minimum imprisonment terms of nine to sixteen months, plus or minus three months for aggravating or mitigating circumstances, for corruption of minors, and six to sixteen months, plus or minus three months for aggravating or mitigating circumstances, for simple assault. 204 Pa. Code § 303.16(a) (Basic Sentencing Matrix, 7th ed., amend. 6).

Appellant did not file a timely post-sentence motion or an appeal. After she filed a petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46, in which she requested the reinstatement of her post-sentence motion and direct appeal rights *nunc pro tunc*, the plea court granted that relief and appointed new counsel. Order, 6/8/22, 1. Appellant thereafter filed a timely post-sentence motion in which she requested a reconsideration of her sentence because it was supposedly "manifestly excessive" and "clearly unreasonable."[2] Post-Sentence Motion, 7/8/22, ¶ 3. She asserted that a "sentence with less jail time would have been appropriate to protect the community and to punish and rehabilitate" her and attached correspondence allegedly from her victim to show that the victim wanted to "drop the charges" against her. *Id.* After the plea court subsequently denied the post-sentence motion, Appellant timely filed a notice of appeal and an untimely court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P.

---

[2] The plea court, sitting as the PCRA court, explicitly permitted Appellant thirty days to file a post-sentence motion *nunc pro tunc* upon granting her PCRA petition. Order, 6/8/22, 1 ("Counsel shall file a post-sentence motion within 30 days."). *Cf. Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that a post-sentence motion *nunc pro tunc* will toll the appeal period if the defendant both requests that the court consider his motion *nunc pro tunc*, and the court expressly permits the filing of a post-sentence motion *nunc pro tunc*, within 30 days of his judgment of sentence); *see also Commonwealth v. Dreves*, 839 A.2d 1122, 1129 (Pa. Super. 2003) (*en banc*) ("when the trial court grants a request to file a post-sentence motion *nunc pro tunc*, the post-sentence motion filed as a result must be treated as though it were filed within the 10-day period following the imposition of sentence").

1925(b).[3] Order Denying Post-Sentence Motion, 7/12/22, 1; Notice of Appeal, 8/10/22, 1; Rule 1925 Order, 8/10/22, 1; Rule 1925(b) Statement, 9/9/22, 1-2.

Appellant presents the following question for our review: "Were the sentences manifestly excessive and clearly unreasonable, unaccompanied by a sufficient statement of reasons, and not individualized as required by law?" Appellant's Brief at 1 (unnecessary capitalization omitted).

Appellant's sole claim on appeal challenges the discretionary aspects of her sentence. As such, this Court's jurisdiction is limited because challenges to the discretionary aspects of a sentence are not appealable as of right. *Commonwealth v. Moser*, 283 A.3d 850, 858 (Pa. Super. 2022). Instead, to invoke our jurisdiction, with respect to this claim, Appellant needed to: (1) file a timely notice of appeal; (2) properly preserve the issue at sentencing or

---

[3] In her notice of appeal, Appellant asserted that she is appealing the order, dated July 12, 2022, that denied her post-sentence motion *nunc pro tunc*. Notice of Appeal, 8/10/22, 1. This appeal, however, properly lies from the judgments of sentence made final by the denial of post-sentence motions. *See Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). We have corrected the caption accordingly.

Even though Appellant filed her Rule 1925(b) statement nine days late, we may proceed with substantive review because the plea court addressed the merits of her sentencing claim included in her Rule 1925(b) statement in its opinion. Plea Court Opinion, 9/14/22, 1; *see Commonwealth v. Presley*, 193 A.3d 436, 441 (Pa. Super. 2018) ("[I]n criminal cases, remand, not waiver, results from the late filing of a [Rule 1925(b)] statement, unless the trial court addressed the issues raised in a late-filed statement. In those circumstances, no remand is necessary, and this Court may address the merits of issues.") (footnote and citation omitted).

in a motion to reconsider and modify the sentence; (3) comply with Pa.R.A.P. 2119(f), which requires Appellant to include a separate section in her brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) present a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. ***Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa. Super. 2022).

As acknowledged above, Appellant satisfied the requirement of filing a timely notice of appeal following the reinstatement of her direct appeal rights. She also filed a post-sentence motion. In the motion, she preserved her argument that her sentence was excessive and unreasonable as follows:

> [Appellant] argues that the sentence in her case was manifestly excessive and clearly unreasonable in its overall [sic] and that a sentence with less jail time would have been appropriate to protect the community and to punish and rehabilitate the petitioner, especially since she has five children and has been incarcerated since July 19, 2022. She further indicates that the victim wanted to drop the charges and had called the [Appellant's] attorney prior to the court proceedings in this case to state that. A letter from the victim is attached hereto.

Post-Sentence Motion, 7/8/22, ¶ 3.

To the extent that Appellant alludes to a claim that the plea court abused its discretion by not offering an adequate statement of reasons for the sentence in her Statement of the Question Presented section of her brief, we note that she fails to offer any arguments to that effect in her brief and has waived any claim to that effect. ***See Commonwealth v. Jackson***, 431 A.2d

944, 945 n.1 (Pa. 1981) (claim addressed in a "Statement of Questions Involved" but not addressed in the "Argument" section of an appellant's brief is waived). Even if that claim were included in the argument section of Appellant's brief, it would be waived because it was not preserved either at sentencing or in the claim included in Appellant's post-sentence motion *nunc pro tunc*. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) (discretionary sentencing claim waived where, although appellant filed a post-sentence motion for reconsideration of sentence, the motion did not include the specific claim raised on appeal); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

We next appreciate that Appellant included a separate section in her brief pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 2-3. The last threshold question prior to engaging in review of the merits of Appellant's claim is whether her Rule 2119(f) statement raises a substantial question.

A substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*); *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011).

In her Rule 2119(f) statement, Appellant asserts:

> The fundamental norm violated was that the sentence was manifestly excessive in that it was not individualized. The specific portion of the Code violated was 42 Pa.C.S. § 9781(b), which requires that a sentence not be clearly unreasonable.
>
> …
>
> Here, the court did not individualize the sentence for [Appellant]. She argues that the jail portion of the sentence was unnecessary and that the trial court failed to consider the fact that she has five children to care for and that the victim did not wish for [Appellant] to be incarcerated and wanted to drop the charges.

Appellant's Brief at 3.

Section 9781(b) is the only specific provision of the Sentencing Code addressed by Appellant's Rule 2119(f) statement. To the extent that Appellant asserts that the sentencing court violated Section 9781(b), we are unable to discern the existence of a substantial question. Section 9781(b) merely codifies the procedure by which a party may seek review of the discretionary aspects of a sentence with this Court as follows:

> The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S. § 9781(b); *see Commonwealth v. McFarlin*, 587 A.2d 732, 735 (Pa. Super. 1991) (*en banc*) ("In effect, § 9781(b) merely requires an accused to indicate how the trial court possibly abused its discretion before the

appellate court will consider the merits of his contentions as to the discretionary aspect of sentence."). Where Section 9781(b) does not address the reasonableness of a sentence or the exercise of a sentencing court's discretion, it cannot be violated by the imposition of a sentence. Accordingly, an alleged violation of Section 9781(b) cannot support a substantial question.

In the alternative, Appellant argues that the sentencing court violated the fundamental norm that her sentence should have been individualized. A contention of that nature has been held to raise a substantial question necessitating our review. *See Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008) (claim that sentencing court did not consider Ahmad's "individualized circumstances" raised a substantial question); *accord Commonwealth v. Goodco Mechanical, Inc.*, 291 A.3d 378, 405 (Pa. Super. 2023) ("the claim that the sentence was the result of bias and prejudice, and not individualized, also constitutes a substantial question"); *Commonwealth v. Luketic*, 162 A.3d 1149, 1162 (Pa. Super. 2017) (holding that an argument that that a court predetermined a sentence raised a substantial question based on the fundamental norm that an appellant's sentence be individualized); *Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa. Super. 2016) (citing *Ahmad* for the holding that the failure to consider a defendant's individualized needs raises a substantial question). Accordingly, we will review the merits of Appellant's discretionary sentencing claim.

We apply the following standard of review when considering challenges to the discretionary aspects of a sentence:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error of judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bankes*, 286 A.3d 1302, 1307 (Pa. Super. 2022) (citation omitted). "[W]hen imposing a sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020). This deferential standard is based on the recognition that "the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." *Commonwealth v. Perry*, 32 A.3d 232, 236 (Pa. 2011), *quoting Commonwealth v. Walls*, 926 A.2d 957, 961-62 (Pa. 2007).

At the start of her argument, Appellant leads with a section header asserting that "the sentences were manifestly excessive and clearly unreasonable, particularly in their consecutiveness." Appellant's Brief at 4 (omitting capitalization). The judgments of sentence, however, do not feature any consecutive prison terms and instead include concurrent prison terms at the bottom of the standard ranges that the Sentencing Guidelines recommend for the convictions along with a probationary tail. *See* Sentencing Order, 3/11/22, 1; *see also supra* n. 1.

Appellant argues that the plea court imposed a manifestly excessive sentence and abused its discretion by not reconsidering the judgments of sentence where: (1) she had served eight months of imprisonment prior to sentencing; (2) she was the caretaker of five children; (3) she apologized to the court and her family; and (4) she appended a letter to her post-sentence motion in which the victim stated a position that the charges against Appellant should have been "dropped." Appellant's Brief at 3, 5-6. For multiple reasons, we are unable to conclude that this claim demonstrates an abuse of discretion.

At the outset, we must start with a presumption that the imposed terms were reasonable given that they were within the standard range recommended by the Sentencing Guidelines. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"); *see also Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) (citing *Moury* for that point); *Commonwealth v. Antidormi*, 84 A.3d 736, 760 n.20 (Pa. Super. 2014) (same); *Commonwealth v. Griffin*, 65 A.3d 932, 937-38 (Pa. Super. 2013) (same). We must also presume, based on the sentencing court's consideration of a pre-sentence investigation report, that the court was aware of the relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant

information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself."); *see* Plea Court Opinion, 9/14/22, 1 (addressing that the sentencing court "had the benefit of a presentence report"); N.T. 3/11/22, 8 (noting the court's consideration of a pre-sentence report).

The stated circumstances addressed in Appellant's claim do not lead us to conclude that the imposed sentence was unreasonable. The facts that Appellant remained in custody from the time of her detainment until the time of sentencing and that she had five children were both addressed in the pre-sentence investigation report. *See* Pre-sentence Investigation Report, 11/4/22, 1, 6. Pursuant to *Devers*, we can presume that the court considered and properly weighed those considerations in the process of determining the sentence at issue. Appellant's role as a mother to five children is also not an overwhelming consideration for mitigation where the pre-sentence report and the notes of testimony reflect that two of Appellant's minor children were with her when she broke into the victim's home and that those children were adjudicated delinquent because of their involvement with Appellant's crimes. *See* N.T. 1/7/22, 6; N.T. 3/11/22, 6-7; Pre-Sentence Investigation Report, 11/4/22, 1-2. To the extent that Appellant cites her apology to the court and her family, the court confirmed its consideration of that apology when it noted the statement of Appellant among the factors it considered upon imposing its sentence. *See* N.T. 3/11/22, 8.

The record supports that all of the stated factors, with the exception of the letter appended to the post-sentence motion, that Appellant suggests should have supported a lower sentence, were already considered by the plea court. To the extent that the victim supposedly advocated for the withdrawal of the charges against Appellant, in a letter dated months after the sentencing hearing, we do find that the plea court abused its discretion by not reconsidering the sentence after its review of that correspondence. First, Appellant had already accepted the guilt for her crimes and the facts supporting her convictions by entering her plea. Second, the victim's letter did not call into question Appellant's guilt. *See* Victim Letter, 5/5/22, 1, attached to Post-Sentence Motion, 7/8/22 ("Now I'm willing to help anyway I can. But it has to make sense I can't go down there and say I lied they hav[e] a whole flash drive full of evidence down to you going live before and after the whole incident"). That the victim had remorse for Appellant facing consequences for her undisputed actions did not render the imposed sentence unreasonable after the fact.

Appellant's claim fails to demonstrate that the sentencing court abused its discretion by imposing concurrent terms of imprisonment at the bottom of the standard range recommended by the Sentencing Guidelines. The cited factors for mitigation addressed in Appellant's claim appeared to have been properly considered by the sentencing court. We find no basis to vacate the court's determination as to the penalty where, as the court noted at sentencing, "the facts of this case are disturbing in that it did involve violence

and it did involve children." N.T. 3/11/22, 8. The imposed sentence was not unreasonable and, given the application of the Sentencing Guidelines, it appears to have been the product of a high prior record score.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2023